868 F.Supp. 269 (1994)
Edward MACHINSKY, Plaintiff,
v.
JOHNSON & JOHNSON MEDICAL, INC. and Pruett Medical, Ltd., Defendants.
No. 4:94CV01547 GFG.
United States District Court, E.D. Missouri, Eastern Division.
November 21, 1994.
Joseph A. Bartholomew, Cook and Shevlin, Belleville, IL, for Edward Machinsky.
Peter B. Hoffman, Kortenhof and Ely, St. Louis, MO, Thomas N. Sterchi, Baker and Sterchi, Kansas City, MO, for Johnson & Johnson Professional, Inc.
Peter B. Hoffman, Kortenhof and Ely, St. Louis, MO, for Pruett Medical, Ltd.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on plaintiff's motion to remand this products liability case to state court. Edward Machinsky, an Illinois resident, filed this action in Missouri state court in February 1994, against Johnson & Johnson Medical, Inc., a New Jersey corporation, and Pruett Medical, Ltd., a Missouri corporation.
*270 In his complaint (and amended complaint), Machinsky claimed that Johnson & Johnson designed and manufactured, and Pruett Medical distributed, a defective and unreasonably dangerous knee prostheses which was implanted in his knee in a hospital in St. Louis, Missouri. He sought damages for the resulting personal injuries he sustained.
On July 8, 1994, the court granted Pruett Medical's motion to dismiss the complaint as to it under Mo.Rev.Stat. § 537.762 (the Missouri Innocent-Seller Statute).[1] Pursuant to the statute, the dismissal was without prejudice, and interlocutory, i.e., it "could be set aside for good cause shown at any time prior to [final] disposition." Id. § 537.762.7. On August 5, 1994, Johnson & Johnson filed the notice of removal on the theory that the dismissal of Pruett, whose presence in the case defeated removal jurisdiction under 28 U.S.C. § 1441(b), was the equivalent of a voluntary dismissal of that defendant by Machinsky. Machinsky filed a timely motion to remand.
Under Title 28 U.S.C. § 1441(b), a diversity case is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, the case stated by the initial pleadings was not removable. Under the "voluntary-nonvoluntary rule" adopted by the Eighth Circuit Court of Appeals, a case that is nonremovable on its initial pleadings for lack of diversity can only become removable pursuant to a voluntary act of the plaintiff. In re Iowa Mfg. Co., 747 F.2d 462 (8th Cir.1984) (per curiam); Power v. Norfolk Ry. Co., 778 F.Supp. 468 (E.D.Mo.1991). "The rationale and meritorious purpose of the voluntary-involuntary test is the prevention of premature removals in cases where the issue of the resident defendant's dismissal has not been fully determined in the state court." Saylor v. General Motors Corp., 416 F.Supp. 1173, 1175-76 (E.D.Ky.1976).
The Court concludes that this rule applies as well to a case, such as the present one, that was nonremovable because of the presence of a resident defendant, even though there is diversity of citizenship between the parties. Furthermore, the Court concludes that the exception to this rule  if the nonresident defendant were fraudulently joined, his involuntary dismissal would not prevent removal  is not applicable to the present case.
Johnson & Johnson argues that the dismissal of Pruett was the "functional equivalent" of a voluntary act by Machinsky in light of Machinsky's failure to oppose Pruett's motion to dismiss, and Machinsky's suggestion of language to be used in the order of dismissal. The Court concludes that this argument is without merit. See Saylor v. General Motors Corp., 416 F.Supp. at 1175-76 (state court order, which incorporated plaintiff's remarks, granting resident defendant summary judgment not voluntary act by plaintiff; because judgment in resident defendant's favor was interlocutory, petition for removal was improvident); Cook v. Pep Boys  Mannie, Moe & Jack, Inc., 641 F.Supp. 43 (E.D.Pa.1985) (failure of plaintiffs to oppose motion for judgment on the pleadings in state court was not equivalent to consent to dismissal).
Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to remand is granted.
NOTES
[1] Subsections 1 and 2 of this statute provide as follows:

1. A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.
2. This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim.