46 F.Supp.2d 937 (1999)
Cynthia PENDER, Plaintiff,
v.
BELL ASBESTOS MINES, LTD., et al., Defendants.
No. 4:96CV772 CDP.
United States District Court, E.D. Missouri, Eastern Division.
April 19, 1999.
*938 Walter L. Floyd, Floyd Law Firm, P.C., St. Louis, MO, for Cynthia Pender, individually, and as next friend for James Nathanial Pender, Angela Ann Pender.
Walter L. Floyd, Floyd Law Firm, P.C., St. Louis, MO, Jeffrey Scott Pender.
Walter L. Floyd, Floyd Law Firm, P.C., St. Louis, MO, for Christopher Ray Pender.
Walter L. Floyd, Floyd Law Firm, P.C., St. Louis, MO, for Jennifer Rebecca Pender.
Thomas J. Magee, Partner, Moser and Marsalek, P.C., St. Louis, MO, for Bell Asbestos Mines, Ltd., A Foreign Corporation.
Reed W. Sugg, Sandberg and Phoenix, St. Louis, MO, for Asbestos Corporation, Ltd., A Foreign Corporation.
Raymond R. Fournie, Armstrong Teasdale, LLP, St. Louis, MO, for Abex Corporation, A Delaware Corporation.
Donald L. James, Beth Kamp Veath, Brown and James, P.C., St. Louis, MO, for Allied-Signal, Inc., A Successor in interest to suc Allied Corporation suc Bendix Corporation.
John R. Halpern, Teresa A. McNail, Goldstein and Price, L.C., St. Louis, MO, for Wagner Electric Corporation, A Delaware Corporation.
Joseph B. McGlynn, Jr., Maureen A. McGlynn, McGlynn & McGlynn, St. Louis, MO, for Chrysler Corporation, Individually and as successor in interest to suc Jeep/Eagle Corp. suc American Motors Corporation.
Chuck N. Chionuma, Chionuma and Associates, P.C., Kansas City, MO, for Ford Motor Company, A Delaware Corporation.
John D. Warner, Jr., Partner, Kortenhof and Ely, St. Louis, MO, Gary E. Wiseman, Thomas J. Noonan, P.C., St. Louis, MO, for General Motors Corporation, A Delaware Corporation.
Edward J. Szewczyk, Donovan and Rose, Belleville, IL, for Elgin Sweepers, An Illinois Corporation.
Steven B. Moore, Jonathan E. Broz, Rasmussen & Barton, Kansas City, MO, for Rapid American Corporation, Individually and as successor in interest to suc Philip Carey Corporation.
Gary P. Paul, Brinker and Doyen, Clayton, MO, for Morton International, Inc.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on plaintiff's motion to remand the case to state court. The Court concludes that it lacks subject-matter jurisdiction for two alternative reasons: first, a non-diverse defendant remains in this case as a matter of substantive Missouri law; second, and alternatively, even if the non-diverse defendant does not remain, its dismissal was not because of any "voluntary" act of plaintiff. The case will therefore be remanded to state court.

Background
On May 3, 1995, plaintiff Cynthia Pender filed this action in the Circuit Court of the City of St. Louis, Missouri. Plaintiff's complaint brings claims of strict liability (Count I) and negligence (Count II) *939 against several defendants to recover damages for the alleged wrongful death of James Pender. On April 19, 1996, defendant Wagner Electric Corporation, joined by the other remaining defendants, removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a), based on diversity jurisdiction. Plaintiff filed a motion to remand to state court, arguing that no diversity exists.[1]
One of the thirteen defendants named in the original state court petition was Reliance Automotive Inc., a Missouri corporation. Since plaintiff was a Missouri citizen, the presence of Reliance prevented diversity jurisdiction. While the case was in state court, Reliance filed a motion to dismiss based on Missouri's "stream of commerce" statute, § 537.762, R.S.Mo. That statute provides for the dismissal from a product liability action of a defendant "whose liability is based solely on his status as a seller in the stream of commerce" so long as there remains a claim against "another defendant ... from whom total recovery may be had for plaintiff's claim." On March 22, 1996, the motion was granted by the state court. Plaintiff's counsel told defendant's counsel in advance that he would not appear to oppose the motion. The handwritten dismissal order reads, in full:
Motion to dismiss of defendant Reliance Automotive, Inc. is called and sustained with the consent of plaintiffs. Defendant Reliance Automotive Inc. is dismissed from the case without prejudice.
The order is signed by Reliance's attorney Larry Permuter, who drafted it, and by the Circuit Judge, with a notation "cc: Walter Floyd Attorney for Plaintiffs." Although the order on its face refers to plaintiff's "consent," both plaintiff and Reliance provided affidavits of counsel in which they agree that plaintiff's counsel merely said he "did not oppose" the motion.[2] Plaintiff's counsel was not present in the courtroom, did not take part in the argument, did not sign the order, did not take part in preparing the order for dismissal, and the words "with consent of Plaintiff," as written in the memorandum granting the motion, were chosen solely by Reliance's attorney without the plaintiff's knowledge or consent. Upon receipt of the dismissal order, defendant Wagner timely removed the case to this Court.

Discussion
Title 28 U.S.C. § 1441(b) permits a defendant to remove a civil action from a state court to a federal court on the basis of diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed. In addressing a motion to remand, the Court is required to resolve all doubts about federal jurisdiction in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993). Accordingly, the party seeking removal and opposing remand carries the burden of establishing federal jurisdiction. In re Business Men's Assur., 992 F.2d at 183.
Plaintiff moves to remand this action to state court, arguing alternatively that (1) Reliance is still a party to the suit under Missouri law, and (2) because the dismissal of Reliance was not done pursuant to plaintiff's voluntary act the case is non-removable under the "voluntary/involuntary *940 rule." The Court agrees with both of plaintiff's points.
As a matter of substantive Missouri law, Reliance is still considered a party to the action for purposes of jurisdiction and venue under R.S.Mo. § 537.762. Subsections 6 and 7 of that statute provide as follows:
6. No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.
7. An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at any time prior to such disposition.
Although there is no doubt that this statute establishes a Missouri procedure that cannot be invoked to require dismissal of a party in a federal court, see Pruett v. Goldline Laboratories, Inc., 751 F.Supp. 1372 (W.D.Mo.1990),[3] under the substantive law of Missouri Reliance remains potentially liable in this case. See Malone v. Schapun, Inc., 965 S.W.2d 177 (Mo.Ct. App.1997). It is therefore still a party and diversity jurisdiction does not exist.
A hypothetical situation based on this case shows why remand makes sense. If all of the other defendants remaining in this case became insolvent or for some other reason it became apparent that there is no other defendant "from whom total recovery may be had for plaintiff's claim," then, at any time before final judgment or settlement of this case, Reliance could be reinstated as a defendant. That is the substantive law of Missouri. Even defendants agree that if Reliance were reinstated there would be no diversity jurisdiction.
The Court also agrees that the case is non-removable because plaintiff did not voluntarily dismiss Reliance. The Eighth Circuit described the voluntary/involuntary rule as follows:
The rule establishes a bright line test for evaluating removability. If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff. In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary.
In re Iowa Mfg. Co., 747 F.2d 462, 463 (8th Cir.1984). See also Self v. General Motors, 588 F.2d 655, 657-60 (9th Cir.1978); Poulos v. Naas Foods, Inc., 959 F.2d 69, 71-72 (7th Cir.1992); Machinsky v. Johnson & Johnson Medical, Inc., 868 F.Supp. 269 (E.D.Mo.1994).
The rule serves two purposes. First, it contributes to judicial economy, because after an involuntary removal, the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court. Quinn v. Aetna Life & Casualty Co., 616 F.2d 38, 40 n. 2 (2d Cir.1980) Second, it recognizes the general principle of deference to the plaintiff's choice of forum. Self, 588 F.2d at 659; Insinga v. LaBella, 845 F.2d 249, 253 (11th Cir.1988). Allowing removal only *941 when the plaintiff voluntarily dismisses a defendant ensures that the plaintiff will not be inappropriately forced out of state court without his consent.
Under the facts of this case, the Court finds that plaintiff did not consent to the dismissal here merely because her counsel stated he would not appear to oppose the motion. See Machinsky, 868 F.Supp. 269 (failure to oppose dismissal is not equivalent of voluntary dismissal by plaintiff); Cook v. Pep BoysMannie, Moe & Jack, Inc., 641 F.Supp. 43, 45 (E.D.Pa.1985) (same, but finding fraudulent joinder so denying motion to remand). Reliance was not voluntarily dismissed by plaintiff, so the case was not removable.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand [# 52] is granted.
IT IS FURTHER ORDERED that the Clerk of the Court shall remand this action to the Circuit Court for the City of St. Louis from which it was removed.
NOTES
[1] In the intervening years between the filing of the motion to remand and this ruling, the case was transferred to the Eastern District of Pennsylvania pursuant to the rules governing Multi-District Litigation. It was recently remanded back to this district. The MDL proceedings have no legal effect on the pending motion to remand to state court.
[2] Defendants argue that the Court should not consider the affidavits submitted in support of plaintiff's motion to remand, but both Reliance counsel and plaintiff's counsel agree on what happened, and the Court believes the facts of what actually happened are relevant and should be considered in reaching this decision.
[3] The Court agrees with Pruett's conclusion that the statute is procedural and therefore does not apply in federal court. What that means is that it could not be invoked by a seller-in-the-stream-of-commerce defendant such as Reliance to require dismissal had the case been originally filed in federal court. In other words, had the case been filed here (assuming of course no jurisdiction problems), Reliance would not have been dismissed, but would have been required to remain in the case notwithstanding the Missouri statute.