**Margaret DROESSLER, Plaintiff,**

v.

**WYETH–AYERST LABORATORIES, a division of American Home Products Corp., American Home Products Corp., A.H. Robins Company, Inc., Eon Labs Manufacturing, Inc., Ivax Corporation, Walgreen Co., and Zenith Goldline Pharmaceuticals, Inc., a wholly-owned subsidiary of Ivax Corporation, Defendants.**

**No. 99–1870–Civ.**

United States District Court,
S.D. Florida.

Aug. 4, 1999.

Daniel Uhlfelder, Miami, FL, Mike Eidson, Jr., Miami, FL, for plaintiff.

J.J. Wicker, II, West Palm Beach, FL, Ace J. Blackburn, Ft. Lauderdale, FL, for defendants.

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Plaintiff's Motion To Remand, filed July 13, 1999.

### I. Factual and Procedural Background

Plaintiff filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida on May 24, 1999. Plaintiff is a resident of Florida. See Am.Compl. at ¶ 2. Defendant Wyeth–Ayerst Laboratories ("Wyeth–Ayerst"), a division of American Home Products Corporation ("American Home"), is a Delaware corporation with its principal place of business in New Jersey. See id. at ¶ 3.

Defendant American Home is a Maryland Corporation with its principal place of business in New Jersey. See id. at ¶ 4. Defendant A.H. Robins Company, Inc. ("A.H.Robins") is a Delaware corporation with its principal place of business in Virginia. See id. at ¶ 5. Defendant Eon Labs Manufacturing, Inc. ("Eon Labs") is a Delaware corporation with its principal place of business in New York. See id. at ¶ 6. Defendant Walgreen Co. ("Walgreen") is an Illinois corporation with its principal place of business in Illinois. See id. at ¶ 7. Defendant IVAX Corporation ("IVAX") is a Florida corporation with its principal place of business in Florida. See id. at ¶ 8. Finally, Defendant Zenith Goldline Pharmaceuticals, Inc. ("Zenith"), a wholly-owned subsidiary of IVAX, is a Florida corporation with its principal place of business in Florida. See id. at ¶ 10. Defendants allegedly are in the business of manufacturing, promoting, marketing, developing, supplying, labeling, testing, selling and/or distributing the pharmaceutical drugs fenfluramine (also known as Pondimin), dexfenfluramine hydrochloride (also known as Redux), and/or phentermine in the state of Florida. See id. at ¶¶ 3–10, 15.

The Food and Drug Administration ("FDA") allegedly approved fenfluramine and phentermine separately for short-term weight reduction in obese patients. See id. at ¶ 18. Despite the fact that the FDA never approved the concomitant use of the two drugs, they allegedly have been prescribed and used in combination, commonly known as "fen-phen," to maximize weight loss. See id. at ¶¶ 18–19. Plaintiff alleges that Defendants knew or should have known that Pondimin, Redux, and phentermine were causally related to and associated with severe and life-threatening complications and side effects, including pulmonary hypertension, cardiac valuvular disease and disorders, neurotoxicity, central and peripheral nervous system toxicity, brain serotonin neurotoxicity, cerebral hemorrhage, ischemic stroke, neurocognitive dysfunction, and developmental neuro-

toxicity. *See id.* at ¶ 20. Plaintiff avers that Defendants nevertheless distributed/sold the drugs without adequate warnings of the aforementioned complications and side effects, even though they knew or should have known that the drugs were being prescribed and used in a combination that had not been approved by the FDA. *See id.* at ¶¶ 21–22.

Plaintiff brings five tortious causes of action against Defendants: (1) strict product liability for defective design, (2) strict product liability for failure to warn, (3) negligence, (4) breach of implied warranty, and (5) fraud and misrepresentation. *See id.* at ¶¶ 24–63. In addition, Plaintiff brings a sixth count alleging a conspiracy among the Defendants. *See id.* at ¶¶ 64–76. On June 22, 1999, Defendants Wyeth–Ayerst and American Home filed a Motion To Dismiss Plaintiff's Complaint, seeking dismissal of the counts alleging breach of warranty, fraud and misrepresentation, and conspiracy.

On July 2, 1999, Defendants Wyeth–Ayerst and American Home invoked 28 U.S.C. § 1441 to remove the above-styled matter to this Court. In representing to the Court that they had filed their Notice of Removal within 30 days after service of the state-court Complaint, Defendants Wyeth–Ayerst and American Home stated as follows:

> Defendant AMERICAN HOME PRODUCTS CORPORATION was served with the Summons and Complaint on June 2, 1999. Defendant WALGREEN EASTERN CO., INC., upon information and belief, has not technically been served by virtue of an agreement between its counsel and plaintiff's counsel. Defendant IVAX CORPORATION, upon information and belief, has not yet been served. Defendant EON LABS MANUFACTURING, INC. was served on June 9, 1999.

Notice of Removal, ¶ 1. Defendants Wyeth–Ayerst and American Home fur-

ther asserted that Plaintiff's action originally could have been filed in federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy is in excess of $75,000. *See id.* at ¶ 2. In asserting complete diversity, Defendants Wyeth–Ayerst and American Home argue that the joinder of Defendant IVAX, a Florida corporation, was fraudulent such that the right to removal remains. *See id.* at ¶¶ 9–11, *citing Masepohl v. American Tobacco Co., Inc.,* 974 F.Supp. 1245, 1250 (D.Minn. 1997). In support of their contention that IVAX cannot be liable to Plaintiff under the causes of action stated, Defendants Wyeth–Ayerst and American Home provide an affidavit from Caterina Coloca, Associate General Counsel of IVAX ("Coloca affidavit"), in which she represents that IVAX "is a holding company which does not itself manufacture or distribute any pharmaceutical product." *See id.* at Ex. 3, at ¶ 3. On July 19, 1999, Defendants Eon Labs and IVAX filed a Notice of Joinder in the Notice of Removal; Defendant Walgreen submitted a similar notice on July 30, 1999.

On July 13, 1999, Plaintiff filed a Motion To Remand alleging that removal was improper on several grounds. First, Plaintiff maintains that, in order to be effective, the Notice of Removal had to have been filed on or before June 26, 1999. *See* Pl.'s Mot., at 2–3. Second, Plaintiff contests the characterization that Defendant IVAX was fraudulently joined. *See id.* at 6–7. Third, Plaintiff asserts that the granting of Plaintiff's Motion For Leave To Amend, in which Plaintiff sought to add Defendant Zenith, would destroy complete diversity and therefore counsels against removal. *See id.* at 5–6. Finally, Plaintiff challenges the attempt of Defendants Wyeth–Ayerst and American Home to remove without obtaining written consents from other Defendants. *See id.* at 4–5.[1]

---

1. On July 23, 1999, Plaintiff moved to strike the Notices of Joinder filed by Defendants Eon Labs, IVAX, and Walgreen, which were submitted after Plaintiff filed her Motion To Remand.

On July 23, 1999, this Court entered an Order setting oral argument on Plaintiff's Motion To Remand for July 28, 1999. Claiming that they would be significantly prejudiced by having a hearing two days before their response to Plaintiff's Motion was due, Defendants Wyeth–Ayerst and American Home filed a Motion To Reset Oral Argument. In an Order dated July 27, 1999, this Court granted Defendants' Motion, canceled the scheduled oral argument, and specifically ordered Defendants Wyeth–Ayerst and American Home to file their response to Plaintiff's Motion with the Clerk of the Court, and to deliver said response to chambers, by the close of business on August 2, 1999. Instead of complying with this Court's Order, Defendants Wyeth–Ayerst and American Home on August 2, 1999 filed a Motion For Extension Of Time, citing the need to conduct further discovery on the issue of fraudulent joinder. On that same date, Defendant Walgreen filed a "Response" which in fact was a request that this Court stay consideration of Plaintiff's Motion To Remand to allow Defendants to conduct further discovery.

## II. Legal Standard

■ Removal of civil actions from state to federal court is authorized by Section 1441, Title 28, of the United States Code. The operative provision, Section 1441(a), provides, in relevant part, the following:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (West 1998). Under section 1441(a), therefore, the removal jurisdiction of the district court is tied to the original jurisdiction of the federal courts. Removal is only proper if the action originally could have been brought in the district court. *See Caterpillar, Inc. v.*

*Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When removal is challenged through a motion to remand, the defendant bears the burden of establishing that removal is proper. *See Pacheco de Perez v. AT & T,* 139 F.3d 1368, 1373 (11th Cir.1998); *Torres v. AIG Claim Servs., Inc.,* 957 F.Supp. 1271, 1273 (S.D.Fla.1997). Moreover, the Court must construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party. *See Pacheco de Perez,* 139 F.3d at 1373.

## III. Analysis

### A. Timeliness of Notice of Removal

Plaintiff notes that, contrary to the representations as to service made by Defendants Wyeth–Ayerst and American Home and reprinted above, Defendant IVAX was served on May 27, 1999, Defendant Walgreen was served on June 2, 1999, and Defendant Eon Labs was served on June 7, 1999. *See* Pl.'s Mot., at 2–3. On July 14, 1999, Plaintiff filed the docket sheet for the state court cause of action, which accurately reflects the dates on which service was effected upon all Defendants, including that Defendant IVAX was served on May 27, 1999. Plaintiff maintains that, in order to be effective, the Notice of Removal therefore had to have been filed on or before June 26, 1999, thirty days after May 27, 1999. *See id.* at 3, *citing* 28 U.S.C. § 1446(b) (West 1998) ("The notice of removal ... shall be filed within thirty days after the receipt by the defendant."); *Faulk v. Superior Indus. Int'l, Inc.,* 851 F.Supp. 457, 458 (M.D.Fla.1994) ("In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable).") (citations to other cases omitted); *see also id.* at Exs. A–E (affidavits of service on all Defendants). However, Defendants Wyeth–Ayerst and American Home did not file their Notice of Removal until July 2, 1999.

■ The Court agrees with Plaintiff that the Notice of Removal filed by Defen-

dants Wyeth–Ayerst and American Home was untimely. Given that the May 27, 1999 service on Defendant IVAX was entered on the state court docket sheet, Defendants Wyeth–Ayerst and American Home clearly had notice of the first date of service from which the 30–day filing requirement began to run. The Court cannot accept Defendants' misrepresentation that Defendant IVAX "upon information and belief" had not been served as of the date of their filing the Notice of Removal. Given the fact that such service had been noted on the state court docket sheet as of June 1, 1999, Defendants Wyeth–Ayerst and American Home had only until June 26, 1999 in which to file their Notice of Removal. Since they did not do so until July 2, 1999, their Notice of Removal must be deemed untimely. As such, remand is appropriate.

### B. *Fraudulent Joinder of Defendant IVAX*

■ A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The Eleventh Circuit has articulated may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts.... [A] third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). The removing party bears the burden of proving fraudulent joinder. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989). In determining whether joinder of a resident party has been fraudulent, a district court evaluates the factual allegations in the light most favorable to the plaintiff. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997). Ultimately, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir.1983).

By not complying with this Court's express order to file a response by August 2, 1999, Defendants Wyeth–Ayerst and American Home may rely only on the Coloca affidavit in support of their position that Defendant IVAX was fraudulently joined. In her affidavit, Ms. Coloca states merely that "IVAX is a holding company which does not itself manufacture or distribute any pharmaceutical product." *See* Notice of Removal, Ex. 3, at ¶ 3.

■ Plaintiff contends that the Coloca affidavit procured by Defendants Wyeth–Ayerst and American Home is insufficient to refute Plaintiff's broad allegation that Defendant IVAX was "in the business of manufacturing, promoting, marketing, developing, supplying, testing, selling and/or distributing the pharmaceutical drug Phentermine in the state of Florida" and Plaintiff's discovery indicating that Defendant IVAX is a manufacturer, seller, and/or distributor of pharmaceutical products. *See* Pl.'s Mot., at 9–10; *see also* Pl.'s Notice of Filing, July 26, 1999 (containing (a) the deposition of John Hanson, Vice President of Finance and Chief Financial Officer of Defendant Zenith, (b) the deposition of Adel Kheir–Eldin, Vice President for Quality of Defendant Zenith, and (c) the corporate and organizational charts of Defendants IVAX and Zenith, taken/produced in the matter of *In re Diet Drugs Products Liability Litigation*, case number MDL Number 1203, in the United States District Court for the Eastern District of Pennsylvania) (together allegedly substantiating Plaintiff's belief that Defen-

dant IVAX is involved in the business of manufacturing and distributing pharmaceutical products). Given its good-faith allegations and belief that Defendant IVAX is a culpable party, Plaintiff argues that Defendant IVAX has not been fraudulently joined.

Although recognizing that fraudulent joinder should never proscribe a defendant's right to remove an appropriately removable action, the Court finds that Defendants have failed to meet the heavy burden of establishing that Defendant IVAX has been fraudulently joined on any of the three theories set forth by the Eleventh Circuit in *Triggs*. First, on the basis of Plaintiff's good-faith allegations, and furthered by discovery, the Court cannot say that Plaintiff should not be given the opportunity to prove a cause of action against Defendant IVAX. Second, Defendants have not asserted outright fraud on Plaintiff's part, nor is there evidence to support such a finding. Finally, Plaintiff's claim against Defendant IVAX clearly is closely connected to her claim against the other Defendants. Viewing the factual allegations in the light most favorable to Plaintiff, the Court finds that joinder of Defendant IVAX was not fraudulent. Consequently, there is not complete diversity among the parties to support this Court's exercise of diversity jurisdiction. As such, remand is appropriate.

### C. Amendment Adding Defendant Zenith

■ On July 13, 1999, this Court granted Plaintiff's Motion To File Amended Complaint, which added Defendant Zenith, a Florida corporation with its principal place of business in Florida. Plaintiff argues that remand is appropriate because this amendment destroyed complete diversity among the parties. *See* Pl.'s Mot., at 5–6, *citing Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 860–61 (11th Cir.1998). In their Motion For Extension Of Time, filed August 2, 1999, Defendants Wyeth–Ayerst and American Home do not challenge Plaintiff's position, rather they seek a stay to conduct discovery to ascertain whether

Defendant Zenith was properly joined. *See* Defs.' Mot., at 4.

On the basis of Plaintiff's good-faith allegations, the addition of Defendant Zenith destroys complete diversity among the parties. As such, removal is improper and remand is appropriate. The Court notes that, even had Plaintiff not been granted leave to add Defendant Zenith, remand nevertheless would be appropriate given the untimeliness of the Notice of Removal and the lack of evidence of fraudulent joinder of Defendant IVAX.

### D. Consent of Defendants Other Than Wyeth–Ayerst and American Home

■ Courts interpreting the federal removal statute have concluded that, in cases involving multiple defendants, each defendant must unambiguously join in or consent to the notice filed by one defendant within the 30–day period following service of process. *See Anne Arundel County, Md. v. United Pac. Ins., Co.*, 905 F.Supp. 277, 278 (D.Md.1995), *citing Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va.1992), *Albonetti v. GAF Corp.– Chem. Group*, 520 F.Supp. 825, 828 (S.D.Tex.1981). Each defendant must file written documentation of its intent to join the Notice of Removal filed by one of the defendants. *See id.*

Plaintiff observes that such written consents were not filed by the remaining Defendants within the thirty-day period following service of process. *See* Pl.'s Mot., at 6. Plaintiff subsequently filed a Motion To Strike the Notices of Joinder filed by Defendants Eon Labs, IVAX, and Walgreen as untimely. *See* Pl.'s Mot. To Strike, at 2–3.

The Court does not find it necessary to analyze this final ground put forth in support of Plaintiff's argument that removal was improper in this case. The Court merely observes that Plaintiff's characterization of the law is accurate, and that, to be effective, the consents of the remaining Defendants would have had to have been filed within 30 days after service of process.

## IV. Conclusion

The Court finds that the Notice of Removal was filed beyond thirty days after service of Defendant IVAX and that Defendants Wyeth–Ayerst and American Home have not satisfied their burden of demonstrating that Defendant IVAX was fraudulently joined. As such, the Court concludes that removal was improper and that the above-styled matter should be remanded to state court.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiffs' Motion To Remand be, and the same is hereby, GRANTED. The above-styled case is REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida.

DONE and ORDERED at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida.