79 F.Supp.2d 1089 (1999)
Patrick DORSEY, Plaintiff,
v.
SEKISUI AMERICA CORPORATION, et al., Defendants.
No. 4:99-CV-1319 CAS.
United States District Court, E.D. Missouri, Eastern Division.
October 21, 1999.
Daniel A. Raniere, Mark A. Panzeri, Aubuchon and Raniere, St. Louis, MO, for Patrick Dorsey, plaintiff.
Kenneth R. Heineman, Managing Partner, Bettina L. Joist, Thompson Coburn, Daniel G. Donahue, Matthew P. Brookman, Herzog and Crebs, Reed W. Sugg, Sandberg and Phoenix, St. Louis, MO, for *1090 Sekisui America Corporation, A Delaware Corporation, Mpson Coburn, Corrosion Products, Inc., Nestle USA, Inc., A Connecticut Corporation, defendants.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on plaintiff's motion to remand. Defendant Sekisui America Corporation ("Sekisui") has opposed the motion and plaintiff has replied. The Court will grant plaintiff's motion for the reasons set forth below.

I. Background.
Plaintiff, a Missouri resident, filed this suit in the Circuit Court of the City of St. Louis, State of Missouri, against defendants Sekisui, Corrosion Products, Inc., and Nestle USA, Inc. Plaintiff asserts claims for serious and permanent personal injuries allegedly suffered when a PVC fitting manufactured by Sekisui exploded and failed. Plaintiff asserts theories of strict liability and negligent design defect and failure to warn, breach of warranty, and negligence.
Sekisui filed a notice of removal to this Court, alleging complete diversity of citizenship, as it is and was at the time of commencement of the action a Delaware corporation with principal places of business in states other than Missouri, and defendant Nestle USA, Inc. is a Connecticut corporation with its principal place of business outside of Missouri. Sekisui also claimed that plaintiff fraudulently joined defendant Corrosion Products, Inc. ("CPI"), a Missouri corporation, solely to defeat diversity jurisdiction. Sekisui contends that CPI is entitled to be dismissed from this action pursuant to Mo.Rev.Stat. § 537.762 (1994) (the "innocent seller statute"), and the joinder is therefore fraudulent because plaintiff cannot assert a legitimate claim against CPI.[1]
Plaintiff objects to this Court's jurisdiction and moves to remand. Plaintiff argues that removal is improper because under Missouri law any party engaged in the business of selling products for use or consumption is subject to liability. Plaintiff asserts he has alleged that CPI sold and distributed the PVC fitting which he contends is defective and unreasonably dangerous, and therefore has stated a valid cause of action against CPI on the face of his pleadings. Plaintiff argues that in order to find joinder of CPI fraudulent, the Court would have to conclude that Missouri product liability law does not recognize a cause of action against a seller/distributor of a defective product. Plaintiff also asserts that § 537.762 does not preclude a cause of action against CPI as a seller in the stream of commerce, because it does not change substantive law relative to an innocent seller's liability. Plaintiff contends that an innocent seller is still subject to liability, citing Malone v. Schapun, 965 S.W.2d 177, 182 (Mo.App. E.D.1997) (holding that § 537.762 does not change the substantive law relating to an innocent seller's liability; stating, "A seller in the stream of commerce is still subject to liability under the doctrine of strict product liability.")
Sekisui argues that plaintiff has no reasonable basis supporting his claim against CPI because § 537.762 precludes the claim against an innocent seller such as CPI. Sekisui contends that CPI is a local seller of PVC pipe and did not manufacture PVC fittings, and that Sekisui has answered plaintiff's petition and admitted it manufactures PVC fittings. Thus, Sekisui argues CPI has satisfied all of the requirements for dismissal under the statute, including the filing of an appropriate affidavit. In the alternative, Sekisui argues that the Court may grant CPI's motion to dismiss, which would remove the resident defendant from the case.

II. Discussion.
"Title 28 U.S.C. § 1441(b) permits a defendant to remove a civil action from a state court to a federal court on the basis *1091 of diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed." Pender v. Bell Asbestos Mines, Ltd., 46 F.Supp.2d 937, 939 (E.D.Mo.1999). The Court lacks diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. 28 U.S.C. § 1441(b); Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145-46 (8th Cir.1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo.1994). The Eighth Circuit equates diversity jurisdiction in removal cases to the federal courts' original subject-matter jurisdiction, and has held that if statutory requirements for removal jurisdiction are not met, a district court has no jurisdiction. Hurt, 963 F.2d at 1145.
The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997), cert. denied, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993).
Removal will not be defeated, however, by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. See Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D.Mo.1995). This burden is substantial. In order to establish that a resident defendant has been fraudulently joined, the removing party must show that: (i) there is no possibility the plaintiff would be able to establish a cause of action against the resident defendant in state court; or (ii) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. Monroe v. Consolidated Freightways, Inc., 654 F.Supp. 661, 662-63 (E.D.Mo.1987). Any contested fact issues must be resolved in favor of the plaintiff. See id. at 663 (citation omitted).
The Court finds that defendant Sekisui has failed to meet its burden to demonstrate fraudulent joinder. Under the innocent seller statute, dismissal is proper only where the seller's liability is based solely on its status as a seller in the stream of commerce. § 537.762.1; Malone, 965 S.W.2d at 182. Further, an innocent seller may be dismissed only if "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." § 537.762.2. As Missouri courts have explained, § 537.762 "does not change the substantive law relating to an innocent seller's liability ...." Malone, 965 S.W.2d at 182. "A seller in the stream of commerce is still subject to liability under the doctrine of strict product liability. The purported purpose of section 537.762 is to allow a seller in the stream of commerce to be released at an early stage of the litigation, rather than wait until the completion of litigation to obtain indemnity." Id. (citations and internal quotation omitted).
The foregoing authority establishes that § 537.762 does not affect CPI's potential liability to plaintiff in this action, but rather establishes an avenue of defense. As a result, the statute has no effect on whether plaintiff has stated a cause of action against CPI in the first instance, which is the relevant inquiry. The Court therefore rejects the argument that plaintiff fraudulently joined CPI as a defendant. The Court has previously reached the same conclusion in an unpublished decision. See Goldman v. Techtronics Pacing Systems, 4:96-CV-2504 CDP (E.D.Mo. May 2, 1997) (Perry, J.), granting plaintiffs' motion to remand, and rejecting defendants' argument that joinder of a resident defendant was fraudulent because the defendant could be dismissed under § 537.762.
*1092 Sekisui's alternative argument, that the Court should address the merits of CPI's motion to dismiss under § 537.762, is foreclosed by the rationale of this Court's decision in Pender, 46 F.Supp.2d 937, cited by Sekisui in its memorandum. In Pender, defendant removed a products liability case after the state court granted a motion to dismiss the resident defendant under § 537.762. Judge Perry granted the plaintiff's motion to remand, concluding that the Court lacked subject matter jurisdiction because the dismissed seller remained a party in the case and complete diversity of citizenship did not exist.
In Pender, the Court explained that under the substantive law of Missouri, an innocent seller dismissed pursuant to § 537.762 remains potentially liable. Pender, 46 F.Supp.2d at 940. This point was crucial to the issue of the existence of diversity jurisdiction. Subsection 7 of the statute provides:
7. An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition.
Judge Perry posited a hypothetical to demonstrate why remand was appropriate even where the innocent seller had already been dismissed under § 537.752:
If all of the other defendants remaining in this case became insolvent or for some other reason it became apparent that there is no other defendant "from whom total recovery may be had for plaintiff's claim," then, at any time before final judgment or settlement of this case, [the resident defendant] could be reinstated as a defendant. That is the substantive law of Missouri. Even defendants agree that if [the resident defendant] were reinstated there would be no diversity jurisdiction.
Pender, 46 F.Supp.2d at 940.
The same logic applies in this case, although CPI remained a defendant at the time of removal. Section § 537.762 does not affect CPI's potential liability as an innocent seller in the stream of commerce. Pender, id.; Malone, 965 S.W.2d at 182. If the manufacturer was not properly before the Court in this case, or if total recovery for plaintiff's claim was not available from the manufacturer, CPI would not be entitled to dismissal under § 537.762. See § 537.762.1, 2. Even if CPI were dismissed under the statute, it would remain potentially liable until conclusion of the action by final judgment or settlement. See, e.g., Magnuson v. Kelsey-Hayes Co., 844 S.W.2d 448, 454 (Mo.App. W.D.1992) (trial court granted seller's motion to dismiss under § 537.762, but later vacated the dismissal on post-judgment motions.) As a result, complete diversity of citizenship would not exist even if CPI's motion to dismiss was granted.

III. Conclusion.
For these reasons, defendant Sekisui has not established that there is no possibility plaintiff would be able to establish a cause of action against CPI in state court. Sekisui does not contend there has been outright fraud in plaintiff's pleading of jurisdictional facts. As a result, Sekisui has failed to meet its burden to show fraudulent joinder of a resident defendant.
The Court concludes that it lacks subject matter jurisdiction over this removed action because defendant CPI is a resident of Missouri. Removal was therefore improper under 28 U.S.C. § 1441(b), and the Court will grant plaintiff's motion to remand. Defendant CPI's motion to dismiss will be denied without prejudice as moot. Defendant Sekisui's request for oral argument is denied.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand is GRANTED. [Doc. 9]
IT IS FURTHER ORDERED that defendant Corrosion Products, Inc.'s motion to dismiss, as reflected in its Notice of Motion, is DENIED without prejudice as moot. [Doc. 16]
*1093 IT IS FURTHER ORDERED that this case is REMANDED to the Circuit Court of the City of St. Louis, Missouri.
An appropriate order of remand will accompany this memorandum and order.

ORDER OF REMAND
In accordance with the memorandum and order of this date and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that this case is REMANDED to the Circuit Court of the City of St. Louis, Missouri.
NOTES
[1] Defendant CPI subsequent filed a notice of motion to dismiss, based on § 537.762.