145 F.Supp.2d 1107 (2001)
Cynthia PENDER, et al., Plaintiffs,
v.
BELL ASBESTOS MINES, LTD., et al., Defendants.
No. 4:01CV369 CDP.
United States District Court, E.D. Missouri, Eastern Division.
May 30, 2001.
*1108 Walter L. Floyd, Floyd Law Firm, P.C., St. Louis, MO, Eric Boiter, Ness and Motley, Barnwell, SC, for Cynthia Pender, individually nfr James Nathanial Pender nfr Angela Ann Pender, Jeffrey Scott Pender, Christopher Ray Pender, Jennifer Rebecca Pender, plaintiffs.
Raymond R. Fournie, Anita M. Kidd, Armstrong Teasdale, LLP, Beth Kamp Veath, Brown and James, P.C., St. Louis, MO, Gary P. Paul, Brinker and Doyen, Clayton, Joseph B. McGlynn, Jr., Maureen A. McGlynn, McGlynn & McGlynn, St. Louis, MO, Chuck N. Chionuma, David C. Stout, Chionuma and Associates, P.C., Kansas City, MO, John D. Warner, Jr., Partner, Gault and Warner, Clayton, Lisa A. Keesling, Thompson Coburn, Thomas R. Jayne, Partner, Thompson Coburn, St. Louis, MO, Steven B. Moore, Rasmussen & Barton, Kansas City, MO, Lori R. Koch, Don R. Sherman, Goffstein and Raskas, St. Louis, MO, for Bell Asbestos Mines, Ltd., a Foreign Corporation, Asbestos Corporation, Ltd., A Foreign Corporation, Pneumo Abex Corporation, a Delaware corporation fka Abex Corporation, Allied-Signal, Inc., a Delaware Corporation suc *1109 Allied Corporation suc Bendix Corporation, Thiokol Corporation, a Pennsylvania Corporation, Wagner Electric Corporation, a Delaware corporation, Chrysler Corporation, Individually and as sue Jeep/Eagle Corp. suc American Motors Corporation, Ford Motor Company, a Delaware Corporation, General Motors Corporation, a Delaware Corporation, Elgin Sweepers, an Illinois Corporation, Rapid American Corporation, Individually and as sue Philip Carey Corporation, Reliance Automotive, Inc., a Missouri Corporation, defendants.

MEMORANDUM AND ORDER
PERRY, District Judge.
This case is before me a second time. This wrongful death action was removed from the Circuit Court for the City of St. Louis, Missouri on March 14, 2001 on the basis of diversity jurisdiction. Because I still lack subject-matter jurisdiction over plaintiffs' claims, I will once again remand the action to state court under 28 U.S.C. § 1447(c).

Background
The tortured history of this case is all too familiar to the parties involved, so I will not repeat it in detail. In brief, however, James and Cynthia Pender filed suit against the defendants in 1994 for damages arising out of James's exposure to asbestos-laden products. Defendants claimed diversity jurisdiction and removed the case to this court, where it was assigned Cause Number 4:94CV1910 DDN and transferred to the Eastern District of Pennsylvania pursuant to the rules governing Multi-District Litigation (MDL Panel). After James died, plaintiffs amended their complaint to allege a wrongful death claim. That suit was eventually voluntarily dismissed without prejudice by plaintiffs on July 6, 1995.
James's survivors then filed a wrongful death suit against the same defendants in the Circuit Court for the City of St. Louis, Missouri in 1995. After resident defendant Reliance was dismissed out of the action by the state court in 1996 (a fact which I will discuss in much greater detail below), the remaining defendants again removed the lawsuit to this court on the basis of diversity jurisdiction. The action was assigned to me as Cause Number 4:96CV772 CDP. Like the first action, my case was also transferred to the MDL Panel. Eventually, the MDL Panel remanded the case back to me for ruling. In a published decision, Pender v. Bell Asbestos Mines, Ltd., 46 F.Supp.2d 937 (E.D.Mo.1999), I remanded the case to state court for lack of subject matter jurisdiction. After remand, plaintiffs once again voluntarily dismissed their claims against defendants without prejudice in March of 2000.
Plaintiffs refiled their wrongful death claims against the defendants in the Circuit Court of the City of St. Louis, Missouri on February 23, 2001. Defendant DaimlerChrysler then removed the case to this court by notice of removal dated March 14, 2001. The remaining defendants have all consented to removal as of this date. As before, defendants claim that this court has diversity jurisdiction over plaintiffs' claims. Although the state-court petition names Reliance Automotive (still a Missouri resident) as a defendant, the other defendants urge me to ignore Reliance's presence for purposes of establishing subject-matter jurisdiction on the ground that it has been fraudulently joined to defeat diversity of citizenship.
Plaintiffs move to remand this action to state court on two alternative grounds: 1) the removal process was defective; and 2) Reliance was not fraudulently joined so the court lacks complete diversity. For their part, defendants have filed a plethora of motions seeking dismissal of Reliance as a *1110 fraudulently joined party and dismissal of this action with prejudice under Rule 41 of the Federal Rules of Civil Procedure. Because Reliance was not fraudulently joined in this action, I lack subject-matter jurisdiction over plaintiffs' claims and must remand the case to state court.

Discussion

A. Timeliness of Removal

28 U.S.C. § 1446 sets out the procedural requirements for removal. Section 1446(a) states that defendant(s) "desiring to remove any civil action ... from a State court shall file ... a notice of removal." Section 1446(b) provides in pertinent part as follows:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ....
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....
28 U.S.C. § 1446(b). The burden is on the removing party to show that the procedure has been followed. See Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969).
The § 1446(b) thirty day time limit is not jurisdictional, but instead establishes the procedure to transfer to federal court a case over which the federal court would have had original jurisdiction. St. Louis Home Insulators v. Burroughs Corp., 597 F.Supp. 98, 99 (E.D.Mo.1984). The time limit is mandatory, therefore a timely motion to remand for failure to observe the 30-day limit will be granted. Id. Moreover, removal statutes must be strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993).
Plaintiffs first contend that removal was untimely because Reliance was served on February 16, 2001, but the notice of removal was not filed until March 14, 2001. This argument is meritless and will be summarily denied. See Fed.R.Civ.P. 6.
Plaintiffs next contend that removal was defective because all defendants who had been served in state court at the time of removal did not consent to removal within thirty days after Reliance was served on February 16, 2001. Courts interpreting the federal removal statute require each served defendant to "unambiguously join in or consent to the notice filed by one defendant within the 30-day period following service of process." Droessler v. Wyeth-Ayerst Laboratories, 64 F.Supp.2d 1265, 1271 (S.D.Fla.1999) (citations omitted); See also Quick Erectors, Inc. v. Seattle Bronze Corp., 524 F.Supp. 351, 354 (E.D.Mo.1981). There is a split of authority, however, about whether the thirty-day period begins to run for all defendants from the date of service of the first-served defendant (which in this case is Reliance), or whether it begins to run for each defendant separately when that defendant is actually served. Compare Getty Oil Corp. v. Ins. Co. of North America, 841 F.2d 1254, 1263 (5th Cir.1988) ("It follows that since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served.") with McKinney v. Bd. of Trustees of Mayland Community *1111 College, 955 F.2d 924, 928 (4th Cir.1992) (as long as the first defendant files a notice of removal within thirty days of its having been served, subsequently served defendants are allowed a full thirty days from the date of their service to join or consent to the petition for removal). The Eighth Circuit Court of Appeals has yet to decide this issue, but district judges in this circuit have concluded that "each [defendant] must file for removal within thirty days from the date on which that particular defendant was served." Quick Erectors, Inc., 524 F.Supp. at 354; see also, Adams v. Lederle Labs., 569 F.Supp. 234, 243 (W.D.Mo.1983).
When this case was removed on March 14, 2001, three defendants had been served: Reliance (on February 16, 2001); DaimlerChrysler (on February 23, 2001); and Ford (on March 1, 2001). Although Reliance filed its consent to removal on March 19, 2001, Ford did not file its consent to removal until March 27, 2001. If I adopt the first-served rule of Getty Oil as urged by plaintiffs, Ford's consent to removal would be untimely because it was not filed within thirty days of service upon Reliance. However, I join my fellow district judges in declining to follow the Fifth Circuit's widely-criticized interpretation of the removal statute. Instead, I find that Ford timely filed its consent to removal within the statutory thirty-day period on March 27, 2001 because it was served with process on March 1, 2001. See Quick Erectors, Inc., 524 F.Supp. at 354. As such, the removal procedure was not defective. Plaintiffs' motion to remand on that basis will be denied.

B. Fraudulent Joinder

Plaintiffs next move for remand on the ground that the Court lacks diversity jurisdiction over this action due to the presence of a Missouri resident, Reliance. Defendants, however, contend that Reliance was fraudulently joined so its presence should be disregarded in determining whether the Court has subject matter jurisdiction. Defendants have also filed motions to dismiss Reliance on this basis.
28 U.S.C. § 1441(a) permits a defendant, under certain circumstances, to remove a civil action from a state court to a federal district court on the basis of diversity of citizenship. It provides as follows:
"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and the division embracing the place where such action is pending."
28 U.S.C. § 1441(a).
Removal jurisdiction will not be defeated by collusive or fraudulent joinder of a non-diverse defendant. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). To establish fraudulent joinder, the removing party must show that there is no possibility that plaintiff could state a cause of action against the resident defendant, or that there has been fraud in the plaintiff's pleading of jurisdictional facts. Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D.Mo.1995). The removing party bears the burden of proof. Id. The Eighth Circuit Court of Appeals applies a dismissal standard to determine whether a defendant has been fraudulently joined. Anderson, 724 F.2d at 84 ("Fraudulent joinder exists if, on the face of the plaintiff's state court pleadings, no cause of action lies against the resident defendant.").
"Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant." Reeb v. Wal-Mart Stores, Inc., 902 *1112 F.Supp. 185, 188 (E.D.Mo.1995). The Court resolves contested areas of fact and law in favor of remand. Id.
In this case, there is no evidence that plaintiffs do not intend to prosecute their claims against Reliance. Thus, the issue I must decide is whether there is any possibility that plaintiffs could state a claim against Reliance under Missouri law. Defendants argue that Reliance is fraudulently joined in this action for two reasons. First, defendants claim that the interlocutory dismissal of Reliance by the state court in the second lawsuit operated as an adjudication on the merits and precludes refiling of the present claims under the doctrine of res judicata. Second, defendants contend that the plaintiffs are barred by the statute of limitations from refiling their claims against Reliance in 2001 since the interlocutory dismissal of Reliance occurred in 1996. Both of these arguments fail.
Resolution of the fraudulent joinder issue in this case is controlled by my analysis of the interlocutory dismissal from the last case. See Pender, 46 F.Supp.2d at 939. I agree with plaintiffs that nothing has altered the status of the parties since I remanded the previous action. Although I do not believe it necessary to repeat the discussion from my prior order in full, a summary of what happened in that case will help to explain why Reliance is not fraudulently joined in this matter.
As in this case, one of the thirteen defendants named in the state court petition of the prior action was Reliance. While the case was in state court, Reliance filed a motion to dismiss based on Missouri's "stream of commerce" statute, Mo.Rev. Stat. § 537.762 (1988). That statute provides for the dismissal from a product liability action of a defendant "whose liability is based solely on his status as a seller in the stream of commerce" so long as there remains a claim against "another defendant ... from whom total recovery may be had for plaintiff's claim." On March 22, 1996, the motion was granted by the state court. Plaintiff's counsel told defendant's counsel in advance that he would not appear to oppose the motion. The handwritten dismissal order was signed by Reliance's attorney and the Circuit Judge with a notation "cc: Walter Floyd Attorney for Plaintiffs" and stated:
Motion to dismiss of defendant Reliance Automotive, Inc. is called and sustained with the consent of plaintiffs. Defendant Reliance Automotive Inc. is dismissed from the case without prejudice.[1]
Upon receipt of the dismissal order, defendant Wagner timely removed the case to this Court. Upon plaintiffs' motion, I remanded the case to state court, in part because I found that Reliance was still a party to the suit under Mo.Rev.Stat. § 537.762(6) and (7):
6. No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.
7. An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for *1113 good cause shown at any time prior to such disposition.
Although this statute establishes a Missouri procedure that cannot be invoked to require dismissal of a party in a federal court, see Pruett v. Goldline Labs., Inc., 751 F.Supp. 1372 (W.D.Mo.1990), under the substantive law of Missouri Reliance remained potentially liable in this case.[2] For that reason, diversity jurisdiction did not exist.
I also held that the prior action was non-removable because plaintiff did not voluntarily dismiss Reliance. Under the facts of the case, I found that plaintiff did not consent to the dismissal of Reliance in the first case merely because her counsel stated he would not appear to oppose the motion. See Machinsky v. Johnson & Johnson Medical, Inc., 868 F.Supp. 269, 270 (E.D.Mo.1994) (failure to oppose dismissal is not equivalent of voluntary dismissal by plaintiff). After remand, plaintiffs dismissed the case without prejudice in March of 2000. Plaintiffs refiled their action in state court in February of 2001, which was removed as the present case in March of this year.
The foregoing history of the prior case easily explains why Reliance is not fraudulently joined in the instant suit. Contrary to defendants' assertions, the prior dismissal of Reliance did not operate as an adjudication on the merits of plaintiffs' claims. That dismissal was interlocutory in nature and without prejudice. Missouri law is clear that a dismissal without prejudice under these circumstances is not a final judgment on the merits. See Vernor v. Missouri Bd. of Probation and Parole, 934 S.W.2d 13, 14 (Mo.Ct.App.1996). That the entire action was later dismissed in its entirety without prejudice does not alter this conclusion.[3] Without a final adjudication on the merits, plaintiffs are not barred by the doctrine of res judicata from refiling their claims against Reliance under Missouri law.
Moreover, my ruling in the prior action that the interlocutory dismissal of Reliance was "involuntary" does not mean that the dismissal operated as an adjudication on the merits. Instead, the interlocutory dismissal was not "voluntary" in the sense that it was not done at the instigation of plaintiff. That finding did not change the fact that the dismissal, by its own terms and under operation of Missouri law, was interlocutory in nature and without prejudice.
Defendants also contend that plaintiffs are barred from refiling their claims against Reliance by the statute of limitations. This argument also fails. There is *1114 no dispute in this case that plaintiffs' claims against Reliance were timely filed in accordance with the applicable statute of limitations in the prior action. There is also no dispute that the present case was filed less than one year after plaintiffs' dismissed the second action. Thus, the only issue before me is whether plaintiffs' claims against Reliance are now outside the limitations period by virtue of the 1996 interlocutory dismissal. They are not.
The Missouri "savings statute," Mo.Rev.Stat. § 516.230, states that if a plaintiff shall have timely commenced a lawsuit and thereafter suffers a nonsuit, "such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered ...." Under Missouri law, "[t]he test of whether or not a nonsuit has been `suffered' is whether or not the order or judgment of nonsuit has finally terminated the suit." Adams v. St. Louis-San Francisco Railway Co., 326 Mo. 1006, 33 S.W.2d 944 (1930). "A plaintiff suffers a nonsuit when a court order finally terminated the cause without prejudice." Korman v. Lefholz, 890 S.W.2d 771 (Mo.Ct.App.1995).
Once again, it bears repeating that the 1996 dismissal of Reliance was interlocutory only. It was not a final order and did not terminate the case. Therefore, plaintiff did not suffer a nonsuit against Reliance (or any of the other defendants) until the case was dismissed without prejudice in March of 2000. Because the action against Reliance was filed less than one year later, the Missouri savings statute applies and plaintiffs' claims are not barred by the statute of limitations. This is the only result that makes sense. Because Reliance remained potentially liable to plaintiff in that action despite the interlocutory dismissal, the statute of limitations could not begin to run on plaintiff's claims against Reliance while the case was still pending against the other defendants. To decide otherwise would contravene the plain language of the "stream of commerce" statute, which premises the interlocutory dismissal of Reliance on the express condition that Reliance remain potentially responsible if there is no other defendant "from whom total recovery may be had for plaintiff's claim." If a seller such as Reliance were reinstated as a defendant under this statute, but could nevertheless avoid liability under the statute of limitations, the state law is eviscerated.
Nothing has changed since this case was before me the last time. Reliance is not fraudulently joined in this action because it remains potentially liable to plaintiffs under Missouri law. For this reason, diversity jurisdiction does not exist and this case will be remanded. As pointed out by defendants, the state court may well grant another interlocutory dismissal of Reliance under the "stream of commerce" statute once the case is remanded. But that possibility does not mean that the case becomes removable, or that it was removable in the first instance.
Defendants have also filed motions to dismiss the action with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Although I will not decide those motions on their merits because I lack subject-matter jurisdiction to do so, I will deny them as moot since they are premised upon a federal rule of civil procedure that does not apply in state court. My ruling, of course, does not preclude the defendants from making similar arguments to the state court under Missouri law.
Accordingly,
IT IS HEREBY ORDERED that plaintiffs' motion to remand for lack of diversity jurisdiction [# 43] is granted and this action is remanded to the Circuit Court for the City of St. Louis, Missouri pursuant to *1115 28 U.S.C. § 1447(c). Plaintiffs' motion to remand for defect in the removal process [# 38] is denied.
IT IS FURTHER ORDERED that all pending motions to dismiss a fraudulently joined party, and all motions to join in such motions, are denied.
IT IS FURTHER ORDERED that all pending motions to dismiss this action with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, and all motions to join in such motions, are denied as moot.
NOTES
[1] Although the order on its face referred to plaintiff's "consent," plaintiff's counsel merely "did not oppose" the motion. Plaintiff's counsel was not present in the courtroom, did not take part in the argument, did not sign the order, did not take part in preparing the order for dismissal, and the words "with consent of Plaintiff," as written in the memorandum granting the motion, were chosen solely by Reliance's attorney without the plaintiff's knowledge or consent.
[2] In my prior order, I used a hypothetical to explain why remand was required:

If all of the other defendants remaining in this case became insolvent or for some other reason it became apparent that there is no other defendant "from whom total recovery may be had for plaintiff's claim," then, at any time before final judgment or settlement of this case, Reliance could be reinstated as a defendant. That is the substantive law of Missouri. Even defendants agree that if Reliance were reinstated there would be no diversity jurisdiction.
Pender, 46 F.Supp.2d at 940.
[3] A dismissal without prejudice may constitute a final judgment for purposes of appeal if its effect is "to dismiss the plaintiff's action and not merely the pleading ...." Siampos v. Blue Cross and Blue Shield of Missouri, 870 S.W.2d 499, 500 (Mo.Ct.App.1994). Dismissals that fall into this category are typically dismissals for lack of jurisdiction. See id. Although General Motors cites this exception to the rule in support of its argument that the prior dismissal was really a final judgment, its barebones motion does not explain how this exception purportedly applies in this case. In any event, the exception plainly does not apply here because plaintiff's 1996 dismissal of Reliance was interlocutory only and the later 2000 dismissal of the action was a voluntary dismissal by plaintiff.