**Theodore J. KOCOT, Plaintiff,**

v.

**The ALLIANCE MACHINE COMPANY, a Corporation, G.A.T.X., Inc., and Koppers Company, Inc., Defendants.**

**Civ. No. 85–3444.**

United States District Court, S.D. Illinois.

Dec. 29, 1986.

Law Offices of William W. Schooley by William S. Beatty and Thomas E. Schooley, Granite City, Ill., for plaintiff.

Roetzel and Andress by Ronald B. Lee, Akron, Ohio, and Donovan, Hatch and Constance by Michael Nester, Belleville, Ill., for defendant Alliance Mach. Co.

Dunham, Boman and Leskera by Eric Young, E. St. Louis, Ill., for Koppers Co., Inc.

Evans and Dixon by Robert Wilson, Edwardsville, Ill., for G.A.T.X., Inc.

### MEMORANDUM AND ORDER

STIEHL, District Judge:

This matter is before the Court on plaintiff's Motion to Remand.

The plaintiff, an Illinois resident, filed, on September 19, 1985, a three-count complaint in state court seeking damages for injuries incurred at Granite City Steel when a crane holding a ladle containing molten iron failed, causing hot iron to spill. The plaintiff alleged that the Alliance Machine Company (Alliance) manufactured the crane, that G.A.T.X., Inc. (G.A.T.X.) manufactured the ladle in question, and that Koppers Company, Inc. (Koppers) designed, constructed and erected the oxygen furnace at Granite City Steel. Defendants removed to this Court on grounds of diversity. The plaintiff now seeks to remand the case because defendant, G.A.T.X., is an Illinois corporation whose presence de-

stroys this Court's removal jurisdiction. The defendants contend that the plaintiff fraudulently joined G.A.T.X. to defeat this Court's removal jurisdiction.

On March 27, 1986, Chief Judge Foreman (from whom this cause has been transferred) entered an Order denying the plaintiff's Motion to Remand, and ordering the parties to pursue discovery on the issue of the relationship between G.A.T.X. and its wholly-owned subsidiary, William B. Pollock Corporation (Pollock). Defendants contend that Pollock manufactured the ladle in question. The parties were given forty-five (45) days to present evidence to the Court in support of their respective positions. Alliance has filed a Memorandum in Opposition to Motion to Remand which Koppers adopted. G.A.T.X. has not filed any supporting memoranda. The plaintiff also has not filed any supporting evidence, and therefore must stand solely on his original Motion to Remand and its supporting memorandum.

> The standard for fraudulent joinder is: In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983); *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981).

> In support of a removal petition the defendants may submit affidavits and deposition transcripts; and in support of their motion to remand, the plaintiffs may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint.

*B. Inc.*, 663 F.2d at 549.

■ The district court, to reach a determination of the issue of fraudulent joinder, must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff." *Id.* Any uncertainties as to the current state of controlling substantive law must be resolved in favor of the plaintiff. *Id.* Further,

> [i]f, having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find that there is no possibility of a valid cause of action being set forth against the in-state defendant(s), only then can it be said that there has been a 'fraudulent joinder.' ... However, if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendant(s) on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state court.

*Id.* at 550. The burden of persuasion placed on those who allege fraudulent joinder is a "heavy one." *Green*, 707 F.2d at 205. The motive of the plaintiff in joining the in-state defendant is irrelevant. *McAllister v. C. & O. Ry. Co.*, 243 U.S. 302, 37 S.Ct. 274, 61 L.Ed. 735 (1917).

■ In the instant case, the plaintiff alleged that G.A.T.X. manufactured the ladle in question. The defendants contend that Pollock Corporation, a wholly-owned subsidiary of G.A.T.X., and an Ohio corporation, was the actual manufacturer of the ladle. In support thereof, they have filed, as an exhibit to their memorandum, Answers to Interrogatories filed by G.A.T.X. in which G.A.T.X. replies that the manufacturer of the ladle is "unknown." However, the defendants claim that Pollock's identity as the manufacturer of the ladle was determined in the discovery proceedings in the companion case of *Key v. Alliance*, Madison County, 84–L–405, in which Kocot's attorney's law firm represented the plaintiff, Key. It was revealed at oral argument that on January 16, 1985, G.A.T.X. filed its answers to interrogatories in the *Key* case indicating the nature of the rela-

tionship between G.A.T.X. and Pollock, and on August 21, 1985, identified by exhibit that Pollock was the manufacturer of the ladle. Therefore, attorney for plaintiff here knew about this relationship at the time this plaintiff's complaint was filed.

Plaintiff is attempting to claim a unity of ownership between G.A.T.X. and Pollock such that the corporate veil can be pierced under the alter-ego theory of liability. In order to accomplish this, two elements must be present which plaintiff has failed to demonstrate in the case at bar: "control by the parent to such a degree that the subsidiary has become its mere instrumentality [and] fraud or wrong by the parent through its subsidiary...." *CM Corporation v. Oberer Development Company*, 631 F.2d 536, 538 (7th Cir.1980), *quoting Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 160 (7th Cir.1963).

Plaintiff has failed to rebut defendants' interrogatories stating that following G.A.T.X.'s purchase of the assets, Pollock was operated as a separate and distinct corporation. Plaintiff simply has not shown that any alleged control by G.A.T.X. over Pollock occurred at the time the acts complained of took place. *Cf., Pepsi-Cola Metro Bottling Co. v. Checkers, Inc.*, 754 F.2d 10, 16–17 (1st Cir.1985). There has been no showing that a formal merger occurred. The answers to interrogatories indicate that the William B. Pollock Company is still in existence as a separate corporate entity, and that G.A.T.X. did not assume the liabilities of Pollock. Thus, plaintiff is apparently contending that a *de facto* merger of the companies took place. However, there is no indication that the elements of a *de facto* merger are present. A *de facto* merger may occur where:

> (1) there is a continuity of the business enterprise between seller and buyer, including continuity of management, employees, location and assets; (2) there is a continuity of shareholders, in that the shareholders of the seller become the shareholders of the buyer; (3) the seller ceases operations and dissolves as soon as possible after the transaction; and (4)

the buyer assumes those liabilities and obligations necessary for the uninterrupted continuation of the seller's business.

*Manh Hung Nguyen v. Johnson Machine & Press*, 104 Ill.App.3d 1141, 60 Ill.Dec. 866, 868–69, 433 N.E.2d 1104, 1106–07 (1st Dist.1982). *See also Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F.Supp. 834, 838 (S.D.N.Y.1977).

Other exceptions to the general rule that a successor corporation which purchases the assets of another corporation is not responsible for its predecessor's liabilities are: (1) an express or implied agreement of assumption; (2) the buyer is a "mere continuation of the seller such as when the buyer comes into existence pursuant to the reorganization of the seller"; or (3) the transaction was fraudulently entered into to allow the seller to escape liability for its misdeeds. *Manh Hung Nguyen*, 60 Ill. Dec. at 868, 433 N.E.2d at 1106. *See also Travis v. Harris Corp.*, 565 F.2d 443, 446 (7th Cir.1977). The plaintiff has failed to make any showing bringing G.A.T.X. under any of these exceptions.

It was on this issue of "alter ego" that the order of March 28, 1986 ordered the parties to complete discovery. Judge Foreman indicated that if there were no evidence that the entities in any way disregarded their separate structure then the joinder would be fraudulent as there would be no possibility of a valid claim against the parent corporation. The plaintiff has not presented any evidence to indicate that the two entities are not separate, nor that they in any way disregard their separate structures. Absent such evidence, the defendants' assertion of fraudulent joinder must stand.

Therefore, the Court concludes that the plaintiff's joinder of G.A.T.X. was fraudulent, and DENIES the plaintiff's Motion to Remand.

IT IS SO ORDERED.