FLEETWOOD DEVELOPMENT CORPORATION *et al.*, Plaintiffs, v. NORTHBROOK PROPERTY AND CASUALTY INSURANCE COMPANY *et al.*, Defendants (Case International Company, Third–Party Plaintiff-Appellant; S.T.S. Consultants, Ltd., *et al.*, Third–Party Defendants-Appellees).

First District (4th Division)   No. 87—0961

Opinion filed June 9, 1988.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Stephen D. Marcus, Douglas J. Palandech, and Edward M. Kay, of counsel), for appellee S.T.S. Consultants, Ltd.

Edward B. Ruff III, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Michael G. Bruton, of counsel), for appellee Lindahl Excavation Company.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Fleetwood Development Corporation was the owner of a piece of property on which it developed a large office building. It retained Case International Company, third–party plaintiff-appellant, to do the excavating. Case, in turn, retained S.T.S. Consultants, Ltd., third–party defendant-appellee, to perform soil testing and Lindahl Excavation Company, third–party defendant-appellee, to do excavation work. During the course of construction, the property adjoining that of Fleetwood was damaged and the property owners made claims against Fleetwood. Fleetwood settled those claims and brought this instant action suing Case and others not parties to this appeal on various theories. The theories against Case included tort and other counts. Based on the tort counts only, Case, in turn, brought an action under the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*) against its subcontractors S.T.S. and Lindahl for contribution among joint tortfeasors.

Case moved to dismiss Fleetwood's tort counts. The motion was allowed. However, no finding was made pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), and since this was a multiple-count complaint, the order although final was not appealable. (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630, 373 N.E.2d 416, 420.) Consequently, Fleetwood's complaint against Case could be amended at any time before the entire case was terminated to again add a tort count against Case. *Petersen Brothers,* 57 Ill. App. 3d at 630.

S.T.S. and Lindahl moved to dismiss Case's claim against them. It was the contention of S.T.S. and Lindahl that because there was no tort action against Case by Fleetwood, there could be no statutory claim against them based on contribution among joint tortfeasors. The trial court agreed and dismissed the case. Over the objection of Case, the finding was made under Rule 304(a), thus making any final order against S.T.S. and Lindahl immediately appealable.

Case asks this court to decide that the order dismissing S.T.S. and Lindahl is not final, so that the finding under Rule 304(a) would be inoperative since that section applies only to final orders in multiple-count or multiple-party litigation. Alternatively, Case asks that if in fact the order is final, we make a determination that the finding under Rule 304(a) was improvident.

We find the recent supreme court decision in *Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 518 N.E.2d 116, dispositive of the issue of whether the dismissal of S.T.S. and Lindahl was final. In *Kellerman,*

the trial judge granted the motions of two retailer defendants for dismissal under section 2—621 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—621) and entered findings under Rule 304(a) purporting to make the dismissals immediately appealable. Section 2—621 is applicable to product liability actions and permits a non-manufacturer defendant, such as a retailer or other such link in the distribution chain, to be dismissed from the proceedings once the product manufacturer has been identified and sued. The statute also provides that in certain circumstances, if an action against a manufacturer would be impossible or unavailing, a dismissal order may be vacated and a previously dismissed defendant reinstated. Thus, on motion of plaintiff, a dismissal order may be vacated if, for example, an action against the product manufacturer is time barred, the incorrect manufacturer was certified by the defendant, the manufacturer no longer exists, or the manufacturer would not be able to satisfy a judgment or settlement.

In a *mandamus* hearing, the supreme court held that the orders entered by the trial judge in granting the retailers' motions for dismissal under section 2—621 were not final and therefore the special finding under Rule 304(a) had no effect, as it only applies to final judgments. (*Kellerman*, 119 Ill. 2d at 115, 518 N.E.2d at 118.) In concluding that the order was not final, the supreme court reasoned that the order did not dispose of the rights of the parties because section 2—621 of the Code of Civil Procedure contemplated the possibility of future action in that it allowed the plaintiff to reinstate the defendant. Thus, the dismissal of the defendant was conditional.

Similarly, in the instant case, the dismissal of Case's third-party complaint against S.T.S. and Lindahl is conditional. The third-party complaint is dependent on the primary complaint. Because the order dismissing the primary complaint was not subject to an immediate appeal, under Rule 304(a), it can be revised at any time before the entry of judgment. In allowing the revision of the primary complaint, Rule 304(a) contemplates the possibility of future action. Thus, if the primary claim against Case is reinstated, then the reason for dismissing the third-party complaint will be inapplicable and Case will have a cause of action against the third-party defendants.

Having concluded that the dismissal of the third-party complaint is not final because it is dependent on the status of the primary complaint, we do not have jurisdiction to hear this appeal and direct that the addition of the special finding under Rule 304(a) be stricken.

We further hold that even if the dismissal of the third-party complaint was final, the trial court abused its discretion in adding Rule

304(a) language. Although there is no review when a Rule 304(a) finding is not added, there is review when it is added. *E.M.S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 243 N.E.2d 695.

We believe that there was just reason to delay this appeal. The purpose of Rule 304(a) is to discourage piecemeal appeals and requires the careful exercise of the court's discretion. (*Ariola v. Nigro* (1958), 13 Ill. 2d 200, 207, 148 N.E.2d 787, 791.) If Case is never found liable in tort because the primary action is never reinstated, then we are deciding matters which may never need to be decided. (*Hawthorn-Mellody Farms Dairy, Inc. v. Elgin, Joliet & Eastern Ry. Co.* (1958), 18 Ill. App. 2d 154, 151 N.E.2d 393.) If Case is liable, then we should delay enforcement so that Case can then reinstate its claim against the third-party defendants.

We acknowledge that the third-party defendants will be prejudiced in that they will not have the benefit of knowing that they have been permanently dismissed. However, any prejudice to the third-party defendants is far outweighed by the prejudice to Case, which may be barred from filing a claim for contribution among joint tortfeasors in the event that the primary complaint is reinstated.

For the foregoing reasons, the decision of the trial court is reversed and remanded.

Reversed and remanded.

LINN and McMORROW, JJ., concur.