DOUGLAS C. LOGAN *et al.*, Plaintiffs-Appellants, v. WEST COAST CYCLE SUPPLY COMPANY, merged with Medalist Industries, Inc., Defendant-Appellee (Nishiki Bicycle Company *et al.*, Defendants).

Second District   No. 2—89—0450

Opinion filed April 24, 1990.

Daniel Slijepcevich, of Thomas R. Cirignani & Associates, of Chicago, for appellants.

William J. Cremer and Francis A. Spina, both of Tressler, Soderstrom, Maloney & Priess, of Wheaton, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiffs, Douglas C. Logan and his wife, Frances Logan, appeal the judgment of the circuit court of Du Page County refusing to vacate its order denying reinstatement in the case of the previously dismissed strict product liability count against the defendant, West Coast Cycle Supply Company (West Coast Cycle). West Coast Cycle was the distributor of a Nishiki bicycle which malfunctioned on August 12, 1984, while plaintiff Douglas Logan was operating it, causing him injury.

Plaintiffs contend the court erred when it dismissed count I of their amended complaint against West Coast Cycle and when it subsequently denied its reinstatement following dismissal of the cause with

prejudice against Kawamura, the manufacturer of the bicycle. We affirm.

Plaintiffs filed a four-count complaint in the circuit court of Cook County on December 7, 1984, against Nishiki Bicycle Company (Nishiki) as the seller/distributor of the bicycle and Kawamura Cycle Company (Kawamura) as the designer/maker/manufacturer of the bicycle. An amended complaint filed on March 5, 1985, named West Coast Cycle and the Sport & Cycle Center as additional defendants. Only defendant West Coast Cycle is involved in this appeal. The amended complaint claimed strict product liability (count I), negligence (count II), breach of express warranty (count III) and loss of consortium on behalf of Frances Logan (count IV).

West Coast Cycle answered counts I, II and IV of the amended complaint on July 15, 1985. It did not answer count III at that time, which was directed against defendant Nishiki. On August 23, 1985, it filed a comparative negligence special defense, notice of deposition, request for production and interrogatories. Subsequently, on January 14, 1987, West Coast Cycle, "at times doing business under the trade name of Nishiki Bicycle Company," filed its answer to count III of the plaintiffs' amended complaint.

On December 9, 1986, West Coast Cycle invoked the protection of the "seller's exception" provided by section 2—621 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—621) by moving for dismissal of the plaintiffs' strict product liability claim against it. Its motion alleged it was engaged in the distribution of certain Nishiki bicycles to retailers, but at no time was it "engaged in the actual design or manufacture of the subject bicycle." It alleged further that those Nishiki bicycles were manufactured by the Kawamura Cycle Company as supported by the affidavit of Mary Davenport, manager of West Coast Cycle. Davenport's affidavit was not attached to the motion which appears in the record before us; copies of it appear elsewhere in the record, however. Davenport stated in her notarized affidavit, in pertinent part, "[t]he certain Nishiki bicycles imported by West Coast [Cycle] and subsequently distributed to retail dealers are manufactured by Kawarmura [sic] Cycle Company of Cobe [sic], Japan."

West Coast Cycle's motion was entered on October 28, 1987, and the cause was continued. The order recited that plaintiffs were granted 60 days in which to issue summons against Kawamura. On that same date, plaintiffs requested the court to reconsider its order, alleging Davenport's affidavit was insufficient certification of the manufacturer because the affidavit was not properly notarized, did

not state that the affiant was employed at the relevant time and failed to reveal the manufacturer. Plaintiffs' motion prayed the court order West Coast Cycle to provide the plaintiffs with an affidavit certifying "the correct identity and address of the manufacturer." It further prayed the court vacate its order requiring plaintiffs to issue summons against Kawamura. Plaintiffs provide no record reference or report of proceedings which indicates the disposition of this motion for reconsideration. In any event, summons was issued on November 19, 1987, and, after plaintiffs were granted an extension of time, Kawamura was served on March 23, 1988. That date was approximately 43 months after the injury occurred, 39 months after suit was filed and 19 months after the applicable statute of limitations had expired.

Kawamura filed its appearance, and its motion to transfer the cause to Du Page County was granted. Its motion to dismiss the cause with prejudice due to plaintiffs' lack of diligence in serving summons pursuant to Supreme Court Rule 103 (107 Ill. 2d R. 103(b)) subsequently was granted on February 22, 1989. Because Kawamura was dismissed, plaintiffs moved to have West Coast Cycle reinstated as a defendant, alleging West Coast Cycle did not certify the manufacturer's existence until December 9, 1986, four months after the statute of limitations had expired. December 9 was the date of West Coast's motion to dismiss count I against it pursuant to section 2—621 in light of the fact Kawamura was the manufacturer as set forth in Mary Davenport's affidavit. After a written response and plaintiffs' reply thereto, the motion to reinstate West Coast Cycle was denied, and plaintiffs brought this appeal.

Plaintiffs first argue the court erred when it dismissed count I against West Coast Cycle because West Coast Cycle had not complied properly with the requirements of section 2—621. (Ill. Rev. Stat. 1987, ch. 110, par. 2—621.) Specifically, plaintiffs argue West Coast Cycle failed to provide an affidavit which was certain and specific and failed to include other necessary information or, alternatively, West Coast Cycle failed to exercise the required diligence in providing the correct identity of the manufacturer.

In its motion ordered taken with this case, along with plaintiffs' objections thereto, West Coast Cycle requests plaintiffs' argument as to this issue be stricken. It asserts this court has no jurisdiction to consider the propriety of the court's May 13, 1988, order dismissing it because plaintiffs' notice of appeal specifies appeal only from the court's April 19, 1989, order denying their motion to vacate the dismissal and reinstate West Coast Cycle. We deny West Coast Cycle's motion.

190

■ It is well established that an appeal from a final judgment draws into issue all prior nonfinal orders which produced the final judgment. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433; *In re Marriage of Click* (1988), 169 Ill. App. 3d 48, 54.) An order entered pursuant to section 2—621 dismissing a defendant who has certified the identity of the manufacturer of the defective product in issue is not a final order, nor would it become such by the mere inclusion of a finding pursuant to Supreme Court Rule 304 (107 Ill. 2d R. 304(a)) because there exists the possibility that the certifying defendant may be reinstated under the circumstances prescribed in section 2—621. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—621(b)(1) through (b)(5); *Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 115-16.) Accordingly, West Coast Cycle's motion to strike plaintiffs' argument I is denied.

We are not persuaded by plaintiffs' argument on this issue, however, and find West Coast Cycle was properly dismissed.

■ All persons in the distributive chain, including suppliers, distributors, wholesalers and retailers, are liable for injuries resulting from a defective product in a product liability action. (*Kellerman*, 119 Ill. 2d at 116; *Sims v. Teepak, Inc.* (1986), 143 Ill. App. 3d 865, 868.) Under the provisions of section 2—621, nonmanufacturers may be dismissed from a product liability action upon certifying the correct identity of the manufacturer of the product which allegedly caused the personal injury. "Once the product manufacturer has been sued and has answered or otherwise pleaded, the trial court is to dismiss the certifying [defendant unless the certifying defendant] *** shares some responsibility for the creation of the defect in the product or had actual knowledge of its existence." (*Kellerman*, 119 Ill. 2d at 113-14; Ill. Rev. Stat. 1987, ch. 110, par. 2—621(c).) Even if a certifying defendant has been dismissed, the plaintiff may seek to have it reinstated by showing one or more of the five circumstances set forth in section 2—621, *i.e.*, the action against the manufacturer is time barred; the defendant's certification of the manufacturer was incorrect; the manufacturer no longer exists, is not subject to jurisdiction in this State, or is not amenable to process; or the manufacturer would not be able to satisfy a judgment or settlement. Ill. Rev. Stat. 1987, ch. 110, pars. 2—621(b)(1) through (b)(5).

■ Plaintiffs cite no authority in support of their argument that Mary Davenport's affidavit was inadequate because it did not identify Kawamura as the manufacturer of this *specific* Nishiki bicycle, serial No. KC13915, or as the manufacturer of the *specific* component part of the bicycle which failed. Contentions unsupported by citation of rel-

evant authority as required by Supreme Court Rule 341 (113 Ill. 2d R. 341(e)(7)) merit no consideration. *Dillard v. Kean* (1989), 183 Ill. App. 3d 28, 31.

Plaintiffs cite *Farris v. Satzinger* (N.D. Ill. 1987), 681 F. Supp. 485, and *Bastian v. Wausau Homes, Inc.* (N.D. Ill. 1986), 638 F. Supp. 1325, in support of their further claim the affidavit is required to set forth affirmatively the nonmanufacturing defendant's lack of knowledge, control or creation of the defect. *Bastian* does not so state, nor does *Farris*. In *Bastian*, the defendant, Wausau Homes, Inc., submitted with its motion to dismiss pursuant to section 2—621 a two-page extract of the deposition of the plaintiffs' expert, rather than an affidavit. In the excerpt, the expert stated the fire in the plaintiffs' home began in an electric baseboard heater. More extensive extracts of the expert's testimony submitted by the plaintiffs in opposition to Wausau's motion indicated the heater may have been defective, but Wausau's product—the prefabricated, mass-produced home itself—may possibly have been a cause, as well. Consequently, Wausau's motion to be dismissed from the strict liability count was denied.

In *Farris*, the plaintiff was injured by a caustic substance expelled from an automatic lubricator distributed by one of the defendants, Forty Three Distributors, Inc. That defendant moved for judgment on the pleadings pursuant to the provisions of section 2—621 of the Civil Practice Law, incorporating by reference the affidavit of its agent and officer, Karl Joseph Bieling, certifying to the court the manufacturer of the lubricator and denying creation, control or knowledge of the lubricator's defect. Plaintiff failed to respond in any way to the defendant's motion for judgment or to Bieling's affidavit. Accordingly, the court granted the motion pursuant to statute.

■ On its face, section 2—621 does not require anything more than certification of the correct identity of the manufacturer of the allegedly defective product. To preclude dismissal of the certifying defendant, it is the plaintiff who must show the certifying defendant exercised some significant control over the design or manufacture of the product, or had actual knowledge of, or created, the defect. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—621(c)(1) through (c)(3).) Plaintiffs' response to West Coast Cycle's motion to dismiss alleged only "[t]hat it is possible an expert may testify that the defect in the Nishiki bicycle was caused by or due to improper assembly or storage of the bicycle." Plaintiffs' allegation does not constitute "a showing," nor do plaintiffs argue here they subsequently offered any competent evidence in support of that allegation.

Plaintiffs' position the instant affidavit was inadequate conflicts,

in fact, with their allegation below in their motion to reinstate West Coast Cycle that West Coast Cycle "certified the manufacturer's existence pursuant to the Illinois Code of Civil Procedure Section 2—621" on December 9, 1986, the date of West Coast Cycle's motion to dismiss supported by Davenport's affidavit. We conclude West Coast Cycle's affidavit was adequate under section 2—621.

■ We do not consider plaintiffs' further contention on this issue that West Coast Cycle was not duly diligent in certifying the correct identity of the manufacturer. That issue was not brought to the trial court's attention before it ruled on the motion to dismiss, and, thus, it is not properly presented for review. Pursuant to West Coast Cycle's motion, that portion of plaintiffs' reply brief which argues that West Coast Cycle is guilty of waiver or should be estopped from asserting its rights under section 2—621 due to its lack of due diligence is granted. 113 Ill. 2d R. 341(g).

■ In sum, we conclude West Coast Cycle was properly dismissed as to count I of plaintiffs' amended complaint. We further conclude below the court did not err in refusing to reinstate West Coast Cycle after the manufacturer, Kawamura, was dismissed with prejudice.

Kawamura was dismissed from the cause pursuant to Supreme Court Rule 103, which requires a plaintiff to exercise due diligence in obtaining service of summons on a defendant before the expiration of the applicable statute of limitations. (107 Ill. 2d R. 103(b); Ill. Rev. Stat. 1987, ch. 110, pars. 13—202, 13—213.) Plaintiffs have not appealed the propriety of Kawamura's dismissal. Rather, they contend West Coast Cycle should be reinstated because it "did not attempt to comply with the certification requirement until approximately four months after the statute of limitations against the Japanese manufacturer had run" and section 2—621 specifically allows reinstatement if the cause of action against the manufacturer is time barred. Ill. Rev. Stat. 1987, ch. 110, par. 2—621(b)(1).

In the instant cause, plaintiffs' timely filed initial and amended complaints named Kawamura as a defendant, alleging it "did design, make and manufacture that certain 15-speed touring bicycle, serial No. KC13195 for Nishiki Bicycle Company." The record shows no attempt by plaintiffs to serve Kawamura with summons until ordered to do so by the court. Even then, plaintiffs requested the court reconsider its order and sought an extension of time within which to serve summons.

■ That Kawamura has been released from its liability to plaintiffs is directly attributable to plaintiffs' own lack of diligence in serving it with process. Section 2—621 imposes an affirmative duty upon

the plaintiff to exercise due diligence "in filing an action and obtaining jurisdiction over the manufacturer or manufacturers" once its correct identity is known. Plaintiffs were aware of Kawamura's identity from the outset, and an action against Kawamura was timely "commenced" by the filing of the plaintiffs' complaint naming it as a defendant. (Ill. Rev. Stat. 1987, ch. 110, par. 2—201.) Thus, the cause against Kawamura was not barred by the applicable statute of limitations or statute of repose. Rather, it was barred because plaintiffs failed to comply with Supreme Court Rule 103 by exercising reasonable diligence in obtaining service of summons upon Kawamura before the expiration of the applicable statute of limitations. This is not one of the five enumerated bases upon which reinstatement of a dismissed nonmanufacturing defendant may be premised. Section 2—621 allows a strict product liability action to proceed against previously dismissed nonmanufacturing defendants "if the manufacturers *cannot be identified or sued within the statute of limitations.*" (Emphasis added.) (*Thomas v. Unique Food Equipment, Inc.* (1989), 182 Ill. App. 3d 278, 282.) Clearly, the manufacturer here was both identified and sued within the statute of limitations. Plaintiffs' argument notwithstanding, "[t]he main thrust of [section 2—621] *** remains that of a 'seller's exception'; the seller may still be sued in the first instance, but may identify an upstream defendant (the manufacturer) and thus escape ultimate liability *where the seller has done nothing to create or contribute to the defect.*" (Emphasis added.) (*Sims v. Teepak, Inc.* (1986), 143 Ill. App. 3d 865, 868.) Plaintiffs have not pointed to any evidence presented below which shows West Coast Cycle created or contributed to the defect of the bicycle. Accordingly, the court correctly applied the seller's exception by refusing to reinstate West Coast Cycle under the instant circumstances.

We have already determined above that plaintiffs waived the issue of West Coast Cycle's due diligence in certifying the name of the manufacturer by failing to raise it below in their response to West Coast Cycle's motion to dismiss. We disagree that West Coast Cycle's conduct could be characterized as having "lulled" plaintiffs into the belief that West Coast Cycle was going to stand in the shoes of a foreign manufacturer. Plaintiffs' argument ignores the undisputed fact that Kawamura was the named defendant manufacturer from the outset and their own lack of reasonable diligence in effectuating service of summons on Kawamura. The fact that Kawamura was the named defendant manufacturer may well have been what led West Coast Cycle to allege—albeit incorrectly so—in its motion to be dismissed out of count I that, "Kawamura Cycle has previously been made a party

defendant and served with process in this action." Accordingly, upon West Coast Cycle's motion taken with this case, we strike the plaintiffs' belated citation of authority in their reply brief in support of their contention that they are equitably entitled to West Coast Cycle's reinstatement.

West Coast Cycle's motion to strike plaintiffs' first argument is denied; its motion to strike certain portions of plaintiffs' reply brief is granted.

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS and DUNN, JJ., concur.