**Noal LAROE, Plaintiff,**

v.

**CASSENS & SONS, INC., Cassens Corporation, Cottrell, Inc., KSC Leasing, LLC, and Kay S. Cassens, Defendants.**

**No. CIV. 06–713–GPM.**

United States District Court, S.D. Illinois.

Nov. 30, 2006.

David C. Nelson, John H. Fredrick, Jr., Nelson & Nelson, Belleville, IL, for Plaintiff.

Benjamin W. Powell, Gordon R. Broom, Hepler, Broom, MacDonald, Hebrank, True & Noce, LLC, Edwardsville, IL, John L. McMullin, III, Brown & James, Amy J. Lorenz-Moser, Bryan M. Groh, Dan H. Ball, Daniel J. Carpenter, Bryan Cave, St. Louis, MO, for Defendants.

### MEMORANDUM AND ORDER

MURPHY, Chief Judge.

This matter is before the Court on the motion for remand brought by Plaintiff Noal LaRoe (Doc. 26). For the following reasons, the motion is **GRANTED**. The hearing on the pending motions in this case currently scheduled for December 4, 2006, at 11 a.m. is **CANCELLED**.

#### INTRODUCTION

This action arises from an incident that occurred near East St. Louis, Illinois, on August 12, 2004, in which LaRoe, while working as an operator and driver for Cassens Transport Company, suffered personal injuries as a result of falling off an automobile transport trailer. LaRoe originally filed this action on June 30, 2006, in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, asserting claims for negligence and strict products liability against Defendants Cassens & Sons, Inc., and Cassens Corporation. On August 8, 2006, LaRoe amended his complaint to join as party Defendants Cottrell, Inc. ("Cottrell"), KSC Leasing, LLC, and Kay S. Casssens. Cottrell has timely removed the action to this Court in federal diversity jurisdiction, alleging that Cassens & Sons, Inc., and Cassens Corporation, both of which are, like LaRoe, Illinois citizens, have been fraudulently joined to defeat diversity.

The chain of distribution of the trailer which LaRoe claims caused his injury is alleged to be as follows. Cottrell, a Georgia citizen, is alleged to have manufactured the trailer, then sold it to Cassens & Sons, Inc. Cassens & Sons, Inc., is alleged to have sold the trailer to Kay S. Cassens, a Montana citizen, who then sold the trailer to KSC Leasing, LLC, a limited liability company of which she is the only member. KSC Leasing, LLC, is alleged to have sold or leased the trailer to LaRoe's employer, Cassens Transport Company. The gist of Cottrell's allegations of fraudulent joinder in this case is that, because Cassens & Sons, Inc., and Cassens Corporation are not the manufacturers of the trailer alleged to have caused LaRoe's injuries, those Defendants are subject to dismissal from this action under Illinois law. Additionally, Cassens & Sons, Inc., Cassens Corporation, KSC Leasing, LLC, and Kay S. Cassens have all moved for summary judgment as to LaRoe's claims on the grounds that they are non-manufacturer Defendants and thus subject to dismissal under Illinois law. LaRoe in turn has moved for remand of this action to state court for lack of subject matter jurisdiction. The motion for remand has been fully briefed, and the Court now is prepared to rule.

#### DISCUSSION

### A. Legal Standard

Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *Id.* § 1441. *See also Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir.2004); *Littleton v. Shelter Ins. Co.*, No. 99–912–GPM, 2000 WL 356408, at *1 (S.D.Ill. Mar. 9, 2000). The party seeking removal has the burden of establishing federal jurisdiction. *See Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976). *See also Littleton*, 2000 WL 356408, at *1 ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

■■■ In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir.1999); *Smith v. Shipping Utils., Inc.,* No. Civ. 05–500–GPM, 2005 WL 3133494, at *1 (S.D.Ill. Nov. 23, 2005). A defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993). A defendant seeking removal based on alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility the plaintiff can establish a cause of action against a diversity-defeating defendant in a state court. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992).

### B. Fraudulent Joinder

#### 1. Applicability of 735 ILCS 5/2–621 to LaRoe's Claims

■■■ Under Illinois law, all entities in the chain of distribution for an allegedly defective product are subject to strict liability in tort. *See Hammond v. North Am. Asbestos Corp.,* 97 Ill.2d 195, 73 Ill. Dec. 350, 454 N.E.2d 210, 216–17 (1983); *Skarski v. Ace–Chicago Great Dane Corp.,* 138 Ill.App.3d 301, 93 Ill.Dec. 102, 485 N.E.2d 1312, 1315 (1985). Pursuant to 735 ILCS 5/2–621, there is a "seller's exception" in products liability actions whereby any non-manufacturing defendant who has not contributed to the alleged defect is entitled automatically to dismissal:

> Product liability actions. (a) In any product liability action based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage. The commencement of a product liability action based in whole or in part on the doctrine of strict liability in tort claim against such defendant or defendants shall toll the applicable statute of limitation and statute of repose relative to the defendant or defendants for purposes of asserting a strict liability in tort cause of action.

(b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise pleaded, the court shall order the dismissal of a strict liability in tort claim against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section. Due diligence shall be exercised by the certifying defendant or defendants in providing the plaintiff with the correct identity of the manufacturer or manufacturers, and due diligence shall be exercised by the plaintiff in filing an action and obtaining jurisdiction over the manufacturer or manufacturers.

\* \* \* \* \* \*

(c) A court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this Section has been made where the plaintiff can show one or more of the following:

(1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged de-

fect in the product which caused the injury, death or damage; or

(2) That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or

(3) That the defendant created the defect in the product which caused the injury, death or damage.

735 ILCS 5/2–621(a)–(c).[1] The purpose of this provision is to allow defendants whose sole basis of liability is their role as a member of the distributive chain to extract themselves from a products liability action at an early stage, before they incur the expense of fully litigating the dispute. *See Kellerman v. Crowe*, 119 Ill.2d 111, 115 Ill.Dec. 591, 518 N.E.2d 116, 117 (1987); *Cherry v. Siemans Med. Sys., Inc.*, 206 Ill.App.3d 1055, 151 Ill.Dec. 944, 565 N.E.2d 215, 218 (1990).

 The Court concludes as an initial matter that 735 ILCS 5/2–621 constitutes state substantive law so as to authorize dismissal of non-manufacturer defendants in federal court. Because federal courts lack constitutional power to fashion broad swathes of federal common law, in general state law furnishes the rule of decision in federal court absent a countervailing federal interest that mandates the application of federal law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4520 (3d ed. 1998 & Supp.2006) (collecting cases). Conversely, federal law, rather than state law, governs matters of pro-

cedure in federal court. *See Hanna v. Plumer*, 380 U.S. 460, 464–65, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The standard for determining whether state law is procedural or substantive so as to apply in federal court is the "outcome-determinative" test, which requires a court to examine whether a given state law reflects an intent by a state to influence substantive outcomes of cases and whether a refusal to apply state law would encourage parties to forum-shop in federal court. *See id.* at 471–73. The United States Court of Appeals for the Seventh Circuit has held that, in applying the outcome-determinative test,

> [one] class of pretty easy cases is where the state procedural rule, though undeniably "procedural" in the ordinary sense of the term, is limited to a particular substantive area, such as ... tort law .... For then the state's intention to influence substantive outcomes is manifest and would be defeated by allowing parties to shift their litigation into federal court unless the state's rule was applied there as well.

*S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir.1995). Here, 735 ILCS 5/2–621 is limited to products liability actions and is outcome-determinative (with exceptions to be discussed infra) as to the liability of non-manufacturers of an allegedly defective product that are in the product's chain of distribution, and a refusal to enforce the rule in federal court likely would result in a shift of products liability actions out of state court and into federal court, defeating the state's intent to influence substantive outcomes.

---

1. The Illinois Civil Justice Reform Amendments of 1995 amended 735 ILCS 5/2–621, but was held unconstitutional in its entirety by the Supreme Court of Illinois. *See Best v. Taylor Mach. Works*, 179 Ill.2d 367, 228 Ill. Dec. 636, 689 N.E.2d 1057, 1103–04 (1997). "The effect of enacting an unconstitutional

act is to leave the law in force as it was before the enactment of the unconstitutional act." *Hurst v. Capital Cities Media, Inc.*, 323 Ill. App.3d 812, 257 Ill.Dec. 771, 754 N.E.2d 429, 438 (2001). Therefore, the version of section 2–621 that was in effect before the 1995 amendment is applicable to this case. *See id.*

Therefore, the Court concludes that 735 ILCS 5/2–621 is applicable in this action. *See Lobocki v. Peabody Galion Corp.*, No. 95 C 5830, 1996 WL 264717, at *2 (N.D.Ill. May 15, 1996); *Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F.Supp. 338, 341 (N.D.Ill.1995); *Farris v. Satzinger*, 681 F.Supp. 485, 487–89 (N.D.Ill.1987); *Bastian v. Wausau Homes, Inc.*, 638 F.Supp. 1325, 1326 (N.D.Ill.1986); *Elizalde v. Owens–Illinois Glass Co.*, No. 85 C 4438, 1986 WL 5663, at *2 (N.D.Ill. May 2, 1986).

▆▆▆ However, although the Court finds that 735 ILCS 5/2–621 is state substantive law for *Erie* purposes, the statute does not mandate the dismissal of Cassens & Sons, Inc., and Cassens Corporation from this action for several reasons. First, there is the question of the extent to which section 2–621 actually applies to the claims asserted against the diversity-defeating Defendants. Although Count II and Count IV of LaRoe's operative complaint allege claims against, respectively, Cassens & Sons, Inc., and Cassens Corporation that are labeled "strict liability," such labels are not controlling in federal court. *See Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir.2000) ("Labels [of claims for relief] do not matter."); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir.1999) ("[P]laintiffs ... don't have to plead legal theories."); *Paige v. Hines*, No. 03 C 3147, 2006 WL 2252703, at *2 (N.D.Ill. Aug.3, 2006) ("A plaintiff is not bound by legal characterizations of the claims contained in the complaint."). Also, "in evaluating a claim of fraudulent joinder, the Court must construe all of [a plaintiff's] factual allegations in the light most favorable to her." *McNichols v. Johnson & Johnson*, No. CIV. 06–160–GPM, 2006 WL 3360542, at *4 n. 2 (S.D.Ill. Apr.19, 2006) (citing *Kocot v. Alliance Mach. Co.*, 651 F.Supp. 226, 227 (S.D.Ill.1986)). In this instance both Count II and Count IV of LaRoe's complaint contain allegations of breach of warranty that are not within the scope of 735 ILCS 5/2–621. *See Caterpillar, Inc. v. Usinor Industeel*, 393 F.Supp.2d 659, 684–85 (N.D.Ill.2005) (citing *Garcia v. Edgewater Hosp.*, 244 Ill.App.3d 894, 184 Ill. Dec. 651, 613 N.E.2d 1243, 1249–50 (1993)) ("Breach of warranty ... claims are contract actions, not tort claims, and are thus outside the scope of § 2–621.").

Additionally, negligence claims, such as LaRoe asserts against Cassens & Sons, Inc., and Cassens Corporation, respectively, in Count I and Count III of his operative complaint, are outside the scope of 735 ILCS 5/2–621. *See Ison v. Invacare Corp.*, No. 02 C 50296, 2004 WL 539982, at *1 (N.D.Ill. Mar.12, 2004) ("[S]ection 2–621 does not apply to negligence claims."); *Aron v. Brown & Williamson Tobacco Corp.*, No. 02 C 3512, 2003 WL 21305531, at *2 (N.D.Ill.Feb.10, 2003) (holding that a diversity-defeating defendant was not fraudulently joined because 735 ILCS 5/2–621 did not preclude a negligence claim against that defendant); *Korologos v. Radium Chem. Co.*, No. 83 C 4235, 1986 WL 7700, at *3 (N.D.Ill. June 27, 1986) ("[S]ection 2–621 ... provides only for dismissal of strict product liability claims. Korologos also sued Radium Chemical on a negligence theory. Radium Chemical would remain a defendant in this suit even if it had a valid defense to the strict product liability count."); *Link v. Venture Stores, Inc.*, 286 Ill.App.3d 977, 222 Ill.Dec. 283, 677 N.E.2d 486, 488 (1997) (holding that the 1995 amendment of 735 ILCS 5/2–621 did not affect a plaintiff's right to sue a non-manufacturer defendant on a negligence theory). At this juncture of course the Court is required to resolve all issues of state law against removal and, to the extent there is any ambiguity as to whether 735 ILCS 5/2–621 applies to negligence claims, the Court must resolve that ambiguity in LaRoe's favor. *See Riddle v.*

*Merck & Co.,* Civil No. 06–172–GPM, 2006 WL 1064070, at *6 (S.D.Ill. Apr. 21, 2006) (quoting *Dodson v. Spiliada Mar. Corp.,* 951 F.2d 40, 42 (5th Cir.1992)) ("In evaluating fraudulent joinder claims, we must . . . resolve all . . . ambiguities in the controlling state law in favor of the non-removing party."); *Rutherford v. Merck & Co.,* 428 F.Supp.2d 842, 850 n. 1 (S.D.Ill. 2006) (the issue of whether a sale of prescription medication constitutes a sale of "goods" within the meaning of Article 2 of the Illinois Uniform Commercial Code so as to sustain a claim of breach of warranty in connection with such a sale was at best an ambiguous question of state law that was required to be resolved in favor of remand).

## 2. Common Defense Rule

A further basis for remand of this case is the "common defense" rule, which holds generally that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Brooks v. Merck & Co.,* 443 F.Supp.2d 994, 1002 (S.D.Ill.2006) (quoting *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 113 (3d Cir. 1990)). Put another way, "[t]o show fraudulent joinder, defendants must show a flaw specific to the joinder of [a] non-diverse party, which is the jurisdictionally relevant aspect of the claim." *Id.* at 1004 (quoting *Intershoe, Inc. v. Filanto S.P.A.,* 97 F.Supp.2d 471, 475 (S.D.N.Y.2000)). *Cf. Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir.2004) ("[W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same

result for the nonresident defendant, there is no [fraudulent] joinder; there is only a lawsuit lacking in merit."); *McKinnes v. American Int'l Group, Inc.,* 420 F.Supp.2d 1254, 1257–58 (M.D.Ala.2006) (applying "a 'common-defense rule' to fraudulent-joinder claims such that when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found."); *In re New England Mut. Life Ins. Co. Sales Practices Litig.,* 324 F.Supp.2d 288, 306 (D.Mass.2004) (holding that where fraudulent joinder is asserted on the basis of arguments that defeat the liability of both diverse and non-diverse defendants, "[s]uch arguments do not engender or compel the conclusion that the non-diverse defendants were wrongfully brought into a controversy that did not concern them. They do not offer a legitimate reason to set apart the non-diverse defendants as 'fraudulently joined.' ").

The Court has held on a number of occasions that a claim of fraudulent joinder to defeat diversity cannot be premised on grounds that can be asserted by diverse and non-diverse defendants alike. *See Hardaway v. Merck & Co.,* Civil No. 06–465–GPM, 2006 WL 2349965, at **1–2 (S.D.Ill. Aug.11, 2006) (rejecting allegations that a diversity-defeating defendant had been fraudulently joined because liability against that defendant was barred under Illinois law by the learned intermediary doctrine, as such allegations were tantamount to a claim that a diverse co-defendant, who was also entitled to claim the protection of the doctrine, was fraudulently joined); *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 932–41 (S.D.Ill.2006) (rejecting allegations of fraudulent joinder on grounds that were equally dispositive of the liability of both a diverse defendant and a non-diverse defendant); *Brooks,* 443 F.Supp.2d at 998–1006 (same); *Hauck v. ConocoPhillips Co.,* Civil No. 06–135–GPM, 2006 WL 1596826, at *9 (S.D.Ill.

June 6, 2006) (quoting *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 324 F.Supp.2d at 306) ("[F]raudulent joinder does not exist when an argument offered to prove fraudulent joinder of non-diverse defendants simultaneously shows that no case can be made against the diverse defendants."); *Klohr v. Martin & Bayley, Inc.*, Civil No. 05–456–GPM, 2006 WL 1207141, at *3 (S.D.Ill. May 4, 2006) ("[T]he Court [cannot] find fraudulent joinder on the basis of a defense equally applicable as between [a diverse defendant] and [a non-diverse defendant]."); *Simmons v. Norfolk S. Ry. Co.*, 324 F.Supp.2d 914, 917 (S.D.Ill.2004) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153, 34 S.Ct. 278, 58 L.Ed. 544 (1914)) (allegations that non-diverse agents of a diverse defendant had been fraudulently joined because the agents had not been negligent amounted merely to a contention that "the plaintiff's case [is] ill-founded as to all the defendants."). In this case 735 ILCS 5/2–621 confers on all Defendants who are not the manufacturer of the trailer that allegedly caused LaRoe's injury a right to automatic dismissal from this action. *See Lamkin v. Towner*, 138 Ill.2d 510, 150 Ill.Dec. 562, 563 N.E.2d 449, 459 (1990) (once a product manufacturer has been sued and has answered, dismissal of non-manufacturer defendants is mandatory). Although Cottrell has adduced evidence that Cassens Corporation was not a party to the transactions in the chain of distribution of the allegedly defective product, the defense created by 735 ILCS 5/2–621 clearly is not specific to the joinder of the diversity-defeating Defendants.

██ The Court notes that although KSC Leasing, LLC, and Kay S. Cassens have requested summary judgment on the basis of the "financial lessor" doctrine rather than 735 ILCS 5/2-621, this does not make the common defense rule inapplicable in this case. The financial lessor doctrine holds generally that a financial lessor, that is, one who merely furnishes money to acquire a product, does not thereby become a part of the product's chain of distribution. *See generally* American Law of Products Liability 3d § 36:28 (1987 & Supp.2006) (collecting cases). The Illinois Supreme Court has never addressed the financial lessor doctrine, and although in *Abco Metals Corp. v. Equico Lessors, Inc.*, 721 F.2d 583 (7th Cir.1983), the Seventh Circuit held that the doctrine is a part of Illinois law, *see id.* at 585–86, the Court notes that *Abco Metals* was decided before the enactment of the operative version of 735 ILCS 5/2–621. Illinois law follows the general rule that implied repeals of the common law are disfavored, *see People v. Jones*, 214 Ill.2d 187, 291 Ill.Dec. 663, 824 N.E.2d 239, 246 (2005); *Advincula v. United Blood Servs.*, 176 Ill.2d 1, 223 Ill.Dec. 1, 678 N.E.2d 1009, 1017–18 (1996); *Smith v. Roberts*, 54 Ill. App.3d 910, 12 Ill.Dec. 648, 370 N.E.2d 271, 275 (1977); *Scott v. Dreis & Krump Mfg. Co.*, 26 Ill.App.3d 971, 326 N.E.2d 74, 82 (1975); *In re Frick's Estate*, 26 Ill. App.2d 56, 167 N.E.2d 266, 269–70 (1960), but the financial lessor doctrine operates as a limitation on section 2–621, which provides for dismissal from a products liability action of any defendant who is not the manufacturer of an allegedly dangerous product, without regard to whether non-manufacturer defendants are financial lessors or not. *See People v. Ellis*, 199 Ill.2d 28, 262 Ill.Dec. 383, 765 N.E.2d 991, 997 (2002) (citing *Kraft, Inc. v. Edgar*, 138 Ill.2d 178, 149 Ill.Dec. 286, 561 N.E.2d 656, 661 (1990)) (in interpreting a statute, a court "must not depart from the statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express.").

██ However, assuming that the financial lessor doctrine retains continuing validity under the current version of 735

ILCS 5/2–621—and, as discussed, the Court is required to resolve ambiguities in state law against removal—this does not take this case out of the scope of the common defense rule. Although KSC Leasing, LLC, and Kay S. Cassens have elected to seek dismissal pursuant to the financial lessor doctrine rather than 735 ILCS 5/2–621, the statute is equally applicable to LaRoe's claims against them as well as Cassens & Sons, Inc., and Cassens Corporation. The defense created by the statute "pervades the merits of the case" and is not "limited to the defendants claimed to have been fraudulently joined." *Davila v. American Home Prods. Corp.*, No. Civ. EP–03–CA–279(KC), 2004 WL 557176, at *4 (W.D.Tex. Feb.3, 2004) (citing *Cockrell*, 232 U.S. at 153, 34 S.Ct. 278) (rejecting a claim of fraudulent joinder based on a defense of preemption of state law by federal law where the defense was common to diverse and non-diverse defendants alike, notwithstanding the fact that certain diverse defendants had not asserted the defense). "It would be a peculiar result indeed if a motion to remand could be defeated by virtue of one or several defendants refraining from asserting a defense to avoid the label common." *Id.* It appears from the record in this case that 735 ILCS 5/2–621 mandates dismissal of LaRoe's products liability claims against the non-manufacturer Defendants, but this is a matter that will have to be resolved in state court. " 'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' The Court has no power to resolve the liability of diverse defendants in making jurisdictional determinations." *Bova*, 446 F.Supp.2d at 941 (quoting *United States v. Tittjung*, 235 F.3d 330, 339 (7th Cir.2000)) (internal citation omitted). This action is due to be remanded to state court.

### 3. Potential Reinstatement of Non–Diverse Defendants

Finally, the Court concludes that a finding of fraudulent joinder based on 735 ILCS 5/2–621 is improper for still another reason, namely, that a dismissal under the statute is merely provisional, and non-manufacturer defendants dismissed under the statute remain subject to reinstatement as parties. The statute provides for reinstatement of non-manufacturer defendants under the following circumstances:

The plaintiff may at any time subsequent to the dismissal move to vacate the order of dismissal and reinstate the certifying defendant or defendants, provided plaintiff can show one or more of the following:

(1) That the applicable period of statute of limitation or statute of repose bars the assertion of a strict liability in tort cause of action against the manufacturer or manufacturers of the product allegedly causing the injury, death or damage; or

(2) That the identity of the manufacturer given to the plaintiff by the certifying defendant or defendants was incorrect. Once the correct identity of the manufacturer has been given by the certifying defendant or defendants the court shall again dismiss the certifying defendant or defendants; or

(3) That the manufacturer no longer exists, cannot be subject to the jurisdiction of the courts of this State, or, despite due diligence, the manufacturer is not amenable to service of process; or

(4) That the manufacturer is unable to satisfy any judgment as determined by the court; or

(5) That the court determines that the manufacturer would be unable to satisfy a reasonable settlement or other agreement with plaintiff.

735 ILCS 5/2–621(b). Because non-manufacturer defendants dismissed under the statute remain in effect parties to a products liability action, Illinois law treats dismissals of such defendants under the statute as non-final. *See Kellerman,* 115 Ill. Dec. 591, 518 N.E.2d at 118 (orders granting motions for dismissal of retailer defendants after a product manufacturer was identified and sued were not final and appealable, because 735 ILCS 5/2–621 allowed the plaintiffs to reinstate the previously-dismissed defendants if it appeared that an action against the product manufacturer was unavailable or would be fruitless); *Logan v. West Coast Cycle Supply Co.,* 197 Ill.App.3d 185, 143 Ill.Dec. 153, 553 N.E.2d 1139, 1142 (1990) ("An order entered pursuant to section 2–621 dismissing a defendant who has certified the identity of the manufacturer of the defective product in issue is not a final order, nor would it become such by the mere inclusion of a finding pursuant to Supreme Court Rule 304 [permitting appeals from judgments as to fewer than all of the parties or claims in a case upon a finding that there is no just reason for delay of such an appeal] because there exists the possibility that the certifying defendant may be reinstated under the circumstances prescribed in section 2–621."); *Fleetwood Dev. Corp. v. Northbrook Prop. & Cas. Ins. Co.,* 172 Ill.App.3d 83, 122 Ill.Dec. 122, 526 N.E.2d 381, 383 (1988) (an order dismissing a non-manufacturer defendant under 735 ILCS 5/2–621 does not "dispose of the rights of the parties because section 2–621 ... contemplate[s] the possibility of future action in that it allow[s] the plaintiff to reinstate the defendant. Thus, the dismissal of the defendant [is] conditional.").

In *Pender v. Bell Asbestos Mines, Ltd.,* 46 F.Supp.2d 937 (E.D.Mo.1999), diverse defendants removed a products liability action from state court to federal court, contending that a diversity-defeating defendant had been fraudulently joined in light of a Missouri statute substantially identical to 735 ILCS 5/2–621:

1. A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.

2. This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim.

3. A defendant may move for dismissal under this section within the time for filing an answer or other responsive pleading unless permitted by the court at a later time for good cause shown. The motion shall be accompanied by an affidavit which shall be made under oath and shall state that the defendant is aware of no facts or circumstances upon which a verdict might be · reached against him, other than his status as a seller in the stream of commerce.

4. The parties shall have sixty days in which to conduct discovery on the issues raised in the motion and affidavit. The court for good cause shown, may extend the time for discovery, and may enter a protective order pursuant to the rules of civil procedure regarding the scope of discovery on other issues.

5. Any party may move for a hearing on a motion to dismiss under this section. If the requirements of subsections 2 and 3 of this section are met, and no party comes forward at such a hearing with evidence of facts which would render the defendant seeking dismissal under this section liable on some basis other than his status as a seller in the stream of commerce, the court shall dis-

miss without prejudice the claim as to that defendant.

6. No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

7. An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition.

Mo.Rev.Stat. § 537.762. The *Pender* court found that the statute did not establish fraudulent joinder because "under the substantive law of Missouri [the diversity-defeating defendant] remains potentially liable in this case .... It is therefore still a party and diversity jurisdiction does not exist." 46 F.Supp.2d at 940. The court went on to posit a "hypothetical" situation: "If all of the other defendants remaining in this case became insolvent or for some other reason it became apparent that there is no other defendant 'from whom total recovery may be had for plaintiff's claim,' then, at any time before final judgment or settlement of this case, [the diversity-defeating defendant] could be reinstated as a defendant." *Id.* (quoting Mo.Rev.Stat. § 537.762(2)). "That is the substantive law of Missouri. Even defendants agree that if [the diversity-defeating defendant] were reinstated there would be no diversity jurisdiction." *Id.* Accordingly, the court ordered the case remanded to state court for lack of subject matter jurisdiction. *See id.* at 940–41.

Similarly, in *Dorsey v. Sekisui America Corp.*, 79 F.Supp.2d 1089 (E.D.Mo.1999), the court again addressed a claim of fraudulent joinder based on Missouri's "innocent seller" statute. The court concluded that a

diversity-defeating defendant, Corrosion Products, Inc. ("CPI"), had not been fraudulently joined:

The Court finds that defendant Sekisui has failed to meet its burden to demonstrate fraudulent joinder. Under the innocent seller statute, dismissal is proper only where the seller's liability is based solely on its status as a seller in the stream of commerce. [Mo.Rev. Stat.] § 537.762.1; *Malone [v. Schapun, Inc.]*, 965 S.W.2d [177,] 182 [ (Mo.Ct.App.1997) ]. Further, an innocent seller may be dismissed only if "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." § 537.762.2. As Missouri courts have explained, § 537.762 "does not change the substantive law relating to an innocent seller's liability ...." *Malone*, 965 S.W.2d at 182. "A seller in the stream of commerce is still subject to liability under the doctrine of strict product liability. The purported purpose of section 537.762 is to allow a seller in the stream of commerce to be released at an early stage of the litigation, rather than wait until the completion of litigation to obtain indemnity." *Id.* (citations and internal quotation omitted).

The foregoing authority establishes that § 537.762 does not affect CPI's potential liability to plaintiff in this action, but rather establishes an avenue of defense. As a result, the statute has no effect on whether plaintiff has stated a cause of action against CPI in the first instance, which is the relevant inquiry. The Court therefore rejects the argument that plaintiff fraudulently joined CPI as a defendant.

79 F.Supp.2d at 1091. The court concluded, "Section 537.762 does not affect CPI's potential liability as an innocent seller in the stream of commerce. If the manufacturer was not properly before the Court in

this case, or if total recovery for plaintiff's claim was not available from the manufacturer, CPI would not be entitled to dismissal under § 537.762. Even if CPI were dismissed under the statute, it would remain potentially liable until conclusion of the action by final judgment or settlement." *Id.* at 1092 (citations omitted). "As a result, complete diversity of citizenship would not exist even if CPI's motion to dismiss was granted." *Id.* The Court finds *Pender* and *Dorsey* persuasive in this instance. Although 735 ILCS 5/2–621 does not provide expressly that a non-manufacturer defendant remains a party to a products liability action after dismissal pursuant to the statute, it is clear that under the statute such a defendant remains functionally a party, susceptible of reinstatement at any time before judgment. Thus, were the Court to dismiss Cassens & Sons, Inc., and Cassens Corporation pursuant to section 2–621, they would continue to be phantom parties to this litigation. The Court concludes that it lacks federal subject matter jurisdiction in diversity, so that this case must be remanded to state court.

### CONCLUSION

The motion for remand brought by Plaintiff Noal LaRoe (Doc. 26) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction. The hearing on the pending motions in this case currently scheduled for December 4, 2006, at 11 a.m. is **CANCELLED**. The Clerk of Court is **DIRECTED** to mail a certified copy of this Order to the clerk of the state court and to close the file in this case.

**IT IS SO ORDERED.**